WILLIAM H. CATLIN et al., Appellants, v. THE ADIRONDACK COMPANY, Respondent.

The reversal of a judgment entered upon the report of a referee and the granting of a new trial does not vacate the order of reference; and the new trial must be had before the same referee, unless otherwise specially provided.

(Argued June 1, 1880 ; decided June 8, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of

Special Term denying a motion to set aside a judgment entered upon the report of a referee. (Reported below, 19 Hun, 389.)

The action was referred by stipulation. It was once tried and judgment rendered in favor of plaintiff; the judgment was reversed on appeal and a new trial granted. Defendant noticed the case for re-trial before the same referee, and the plaintiff not appearing, the referee dismissed the complaint. The motion was based on the ground that the powers of the referee were exhausted on filing his report on the first trial, and that as the case was only referrable by consent, plaintiff was entitled to a second trial before a jury.

*Marshall P. Stafford* for appellants. All power and jurisdiction of a referee terminate with the filing of his report. (*Sherman* v. *Justice*, 22 How. 241 ; *Niles* v. *Price*, 23 id. 473 ; *Coope* v. *Bowles*, 42 Barb. 95.) When a referee has once filed his report, he is *functus officio*, and cannot again act, even to correct a clerical error in his report, without a new order from the court. (*Niles* v. *Price*, 23 How. 473; *Trufant* v. *Merrill*, 37. id. 531 ; *Richardson* v. *Ward*, 13 Beavan, 110.) Plaintiffs had a right to a trial by jury on the second trial, and could not be deprived of that right without their consent. (*Sharp* v. *Mayor*, 31 Barb. 579.) Had the case been one which the court could refer without plaintiffs' consent, they had a right to a new referee on the second trial, and could not be deprived of that right without their consent. (*Schermerhorn* v. *Allen*, 13 How. 82 ; *Sharp* v. *Mayor*, 31 Barb. 579.)

*A. Pond* for respondent. The order appointing the referee in this case having been entered upon the stipulation of the parties, a mere reversal by the General Term of the judgment entered upon his report would not, without a clause in the order to that effect, operate either to vacate or set it aside. (*Devlin* v. *Mayor, etc.*, 54 How. 11, 22, n. ; 67 N. Y. 590 ; *Billings* v. *Vanderbeck*, 15 How. 294 ; *Kiersted* v. *Orange, etc., R. R.*, 54 id. 29, 46, n. ; *White* v. *Smith*, 1 Lans. 469 ; *Schermerhorn*

v. *Van Allen,* 13 How. 82; *Sharp* v. *Mayor, etc.,* 31 Barb. 579, 589; *Murphy* v. *Winchester,* 35 id. 616, 620; Code of Civil Proc., § 1011; Laws 1879, p. 612; id., p. 619, § 2; *Stark* v. *Dinehart,* 40 N. Y. 342.)

*Per Curiam.* The reversal of the judgment upon the referee's report and the granting of a new trial did not of itself vacate the order of reference. It stands unless provision is made to the contrary, or the order is vacated upon motion. This has been decided in numerous cases in the Supreme Court. The practice has been to construe the order granting a new trial as directing such new trial before the same referee, unless otherwise specially provided. Therefore, even if the powers of the referee were exhausted when he filed his report, they were revived by the order to try the case.

In *Develin* v. *The Mayor* (54 How. 11), it was stated by the chief judge that the reversal of the judgment on the referee's report did not vacate the order of reference, and the appeal was dismissed upon the ground that the order was not appealable. The same disposition should be made of this appeal, and it should be dismissed, with costs.

All concur, except MILLER, J., not voting.

Appeal dismissed.