(March 2, 1885.)

## SCHENK v. BIRDSEYE.

[6 Pac. 128.]

ENTRY OF JUDGMENT IN VACATION.—Under our Civil Practice Act a judgment or order of the district court may be entered in vacation.

ACTION ON FOREIGN JUDGMENT—SUFFICIENCY OF COMPLAINT.—A complaint in a suit upon a foreign judgment which alleges that

the defendant had been personally served by summons in the city in which the foreign court is held, that he appeared in the action by counsel, that thereafter judgment was newly given, and that the court rendering the judgment was a court of record, which, under the laws of New York had jurisdiction of the subject matter of the action, is sufficient.

APPEAL from District Court, Lemhi County. Affirmed.

Charles A. Wood, for Appellant.

The names of defendants, John Doe and Richard Roe, are fictitious, and it is nowhere alleged in the complaint that their real names are unknown. (Code of Idaho, sec. 268; *People v. Hemans,* 45 Cal. 692; 1 Estee on Pleadings, 147.) In an action upon a joint contract, whenever the court has jurisdiction of the subject matter, service of process upon one of the joint contractors will give the court jurisdiction of the person served, and a court may have jurisdiction of the person of one defendant and not of the others; but it would be impossible for a court to have jurisdiction of the subject matter as to one defendant and not as to the others. The personal service of process in the city of Brooklyn was the only way the said court could acquire jurisdiction of the subject matter of the action. (Freeman on Judgments, sec. 120.)

Johnson & Onderdonk, for Respondents.

Where a cause of which the court has jurisdiction is tried at chambers by consent of the parties, the judgment rendered therein is not necessarily void for want of a trial in open court. (*Ex Parte Bennett,* 44 Cal. 84; *Ogburn v. Conner,* 46 Cal. 353, 13 Am. Rep. 213.) This appeal is brought up simply upon the record, or judgment-roll, and all the presumptions are in favor of its correctness. The New York judgment is in the nature of a joint contract, and may be enforced by action thereon against one or all. (*Johnson v. Smith,* 14 Abb. Pr. 421.) A several judgment may be properly rendered whenever a several action can be sustained. (*Harrington v. Higham,* 15 Barb. 33; *Parker v. Jackson,* 16 Barb. 33.) There being no bill of exceptions in this case there is nothing before this court to consider. No alleged error can be considered by this court unless

incorporated into a bill of exceptions, and thus made part of the record. There is no distinction in this respect between exceptions saved by the statute and other exceptions. (*Fox v. West,* 1 Idaho, 782.)

Per CURIAM.—This is an appeal from a judgment entered against the defendant, Joseph W. Birdseye, in Lemhi county. The record brought here shows that the cause was heard and evidence taken in open court, and that, by agreement of parties, the cause was taken under advisement, to be decided in vacation; and that it was so determined, and the findings and judgment signed by the trial judge were filed and entered by the clerk. This is now claimed to be error. We think section 29 of our Civil Practice Act fully authorizes this proceeding. Counsel for appellant contends that the complaint is not sufficient to support the judgment. The action is founded on a judgment recovered against this defendant in the city court of Brooklyn, in the state of New York. As appears from the complaint herein, the judgment sued on was joint as to Birdseye and others, and several or personal as to Birdseye. The complaint alleges that Birdseye had been personally served by summons in the city of Brooklyn, and that he appeared in the action by counsel and that, thereafter, judgment was duly given. It is also alleged that the city court of Brooklyn was a court of record, and that, under the constitution and laws of the state of New York, it had jurisdiction of the subject matter of the action. This seems to us sufficient in this respect; and, as there is no bill of exception or statement, there is no other question for consideration.

Judgment affirmed.

Morgan, C. J., and Broderick and Buck, JJ., concurring.