ANTHONY R. MAICAS, Respondent, *v.* LEON LEONY, Appellant.

Court of Appeals, March 19, 1889.

Modifying 50 Hun, 178.

1. *Referees. Power of court.*—Where the report of a referee does not contain separate findings of law and fact, and the findings contained therein are so commingled with what appears to be the opinion of the referee, that it is difficult in some respects to distinguish the one from the other, it is within the power of the supreme court to set aside the report and the interlocutory judgment entered *ex parte* thereon; and whether it will set them aside is a matter of practice resting in its discretion, with the exercise of which the court of appeals cannot interfere.

2. *Same. Correction of errors.*—If the referee commits any errors of law or of fact, they cannot be corrected by a motion at special term to set aside the order of reference and all proceedings thereunder, but the orderly method prescribed by law for correcting them is by appeal from the judgment entered upon his report.

3. *Same. Practice.*—The court should, after setting aside the report and interlocutory judgment, have sent the case back to the referee that he might complete the trial thereof so far as he could go, and so far as the parties desired him to go, so that both parties would have the benefit of the trial, and the expenditure that has been thus far incurred.

4. *Same. Misconduct.*—Where the referee has, in fact, been guilty of any misconduct, or if, for any sufficient reason, he is an improper person to proceed with the trial, the court has jurisdiction to vacate the order of reference, and to appoint a new referee to proceed *de novo.*

Appeal from an order of the general term, affirming an order of the special term denying a motion for the appointment of a referee to take and state accounts, and from an order vacating and setting aside the report of the referee and the interlocutory judgment.

*Esek Cowen,* for appellant.

*A. J. Dittenhoefer,* for respondent.

EARL, J.—What is called the report of the referee in this case is quite informal and incomplete. It does not contain separate findings of law and of fact, as required by the Code, section 1022; and such findings as are contained therein are so commingled with what appears to be the opinion of the referee, that it is difficult in some respects to distinguish the one from the other. It was, therefore, within the power of the supreme court to set aside the report and the interlocutory judgment which was entered *ex parte* thereon. Whether it would set them aside was a matter of practice resting in its discretion with the exercise of which we cannot interfere.

But the court went still further, and set aside the order of reference and all proceedings thereunder, and appointed a new referee to try the case *de novo*. There had been a long trial before the referee, his fees being $1,365, and the stenographer's $400, and the expense for counsel must have been considerable. All this expense was incurred by the defendant, and the court could not arbitrarily, without some reason sufficient in law, nullify all that had been done under the order of reference.

The action was referred by consent to the referee named to determine all the issues of the action, and to take and state the account between the parties, and report the amount for which judgment should be entered in favor of either party against the other. There is no allegation of misconduct on the part of the referee. It is simply alleged that he committed some errors, and that he did not complete the reference by taking all the accounts and stating the balance and ordering judgment for such balance. But he took all the evidence offered by either party. Both parties rested their case ; both asked him to order an interlocutory judgment, and both submitted their requests to find upon the law and the facts. As there was firm property in the hands of the receiver undisposed of, the case was not then in condition for final judgment, and so far as the facts now appear,

was one eminently proper for an interlocutory judgment. Under the order of reference, the referee should go on so far as he can and take all the proof which either party may offer with reference to the accounts, and settle all the accounts so far as that is possible in the present condition of the affairs of the firm; and after that if there is property on hand yet to be disposed of, and which will thereafter have to be converted by the receiver and accounted for by him, such a judgment may be entered as the referee will be able to order; and a further accounting may be had in the future with reference to the balance of the assets. Under such circumstances, upon such allegations and facts as appear here, we know of no authority or power in the supreme court arbitrarily to set aside the order of reference, and all the proceedings thereunder, and appoint a new referee.

If the referee committed any errors of law or of fact, they cannot be corrected by a motion at a special term of the court to set aside the order of reference and all proceedings thereunder, but the orderly method prescribed by law for correcting them is by appeal from the judgment entered upon his report.

After setting aside the report and the interlocutory judgment, the court should have sent the case back to the referee that he might complete the trial thereof so far as he could go, and so far as the parties desired him to go, and thus both parties would have the benefit of the trial, and the large expenditure that had thus far been incurred.

The provision in the order that the evidence already taken may by the consent of both parties be read before the new referee, does not give the defendant all he is entitled to and secure all his substantial rights. The plaintiff may withhold his consent, and then his evidence cannot be read, and the new referee will not have the benefit of seeing and hearing the witnesses.

If the referee has, in fact, been guilty of any misconduct, or if for any sufficient reason he is an improper person to

proceed with the trial, the facts should be made to appear, and then the court would have jurisdiction to vacate the order of reference, and to appoint a new referee to proceed *de novo.*

The order of the general term which affirmed the order of the special term denying the defendant's motion for the appointment of a referee to take and state the accounts, should therefore be affirmed without costs, and the other order of the general term, and that affirmed by it, should be affirmed so far as they vacate and set aside the report of the referee and the interlocutory judgment, and in other respects reversed, so that the case may stand for further trial before the referee, without costs to either party.

All concur.