BRADLEY, J.
—The action was not referable in the first instance without the consent of the parties. They, by written stipulation, signed by their attorneys and filed with the clerk, did consent to refer it to Joseph S. Wood, and an order was therein granted, and entered accordingly. The trial before such referee resulted in a report and judgment in favor of the plaintiff. On appeal taken by the defendant to the general term the judgment was reversed, and a new trial granted. In *889 the meantime the original plaintiff had died, and the action was continued in the name of the present plaintiff, who, after the new trial was granted, moved the court for the appointment of another referee. The motion was opposed by the defendant and granted by the court. It is now urged that it was not within the power of the court to grant such motion. This depends upon the statute, which provides for reference upon consent of parties, manifested by written stipulation, signed by their attorneys, and filed with the clerk, and that, “ if the referee named in a stipulation refuses to serve, or if a new trial of an action tried by a referee so named is granted, the court must appoint another referee, unless the stipulation expressly provides otherwise.” Code, § 1011. The order made on the motion to refer after the new trial was granted seems to come within the terms of that statute, which terms, in their purport, are imperative that the court, in such case, appoint another referee unless there is some limitation to the contrary expressed in the stipulation not contained in that made in this action. IIustis v. Aldridge, 144 N. Y. 508 ; 64 S. R. 40. It is contended on the part of the defendant that such provision of the statute is applicable only where there is a failure to enter a proper judgment on the referee’s, report, or it is set aside by reason of his misconduct. The statute is not entitled to, nor can it reasonably have, so limited a construction, without disregard of its terms as clearly expressed. The order appointing the first referee was not vacated by that of the general term reversing the judgment and granting a new trial, but the omission there to direct the new trial before another referee was no reason why application could not be effectually made for such purpose at special term, and without the necessity of application to the general term for modification of its order in that respect. And the effect of the order appealed from was the vacation of the order appointing the referee by whom the trial was had. It is no answer to the right of one of the parties to seek the appointment of another referee that they nfiay have consented to proceed to the new trial before the same referee, and the failure of either party to move for the appointment of another referee might be treated as such consent. Catlin v. Adirondack Co., 81 N. Y. 379. In the cited case of Maicas v. Leony, 113 N. Y. 619, 22 S. R. 149, the trial of the issues referred was not completed, and the findings of the referee upon, which the interlocutory judgment was entered ex parte were imperfect, and for that reason such judgment and report were set aside. The court held that the case should not be sent to another referee, but that the uncompleted trial should be continued before the 'same referee, as there was no charge of misconduct on his part. That case does not support the asserted view of the learned counsel for the defendant. There is no occasion, upon the facts presented, for the consideration of the question whether the court can vacate the order of reference appealed from, and thus make the action triable by the court *890 -only. It is sufficient to say that the exercise of such power is quite questionable, against the protest of one of the parties, without causes not appearing in this case. The fact that the party plaintiff is other than the one by whom the action was -originally commenced, and who was such when the stipulation to refer was made, is not available to the defendant. The action is the same, and the present plaintiff moved for the order appealed from. The case of Wood v. Swift, 81 N. Y. 31,.has no essential application to the question presented here.
The order should be affirmed.
All concur. *