THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE SARANAC LAND AND TIMBER COMPANY, Appellant, *v.* THE EXTRAORDINARY SPECIAL AND TRIAL TERM OF THE SUPREME COURT et al., Respondents.

Constitutional law — Supreme Court — statute authorizing governor to appoint extraordinary term valid —jurisdiction of such term —when application for writ of prohibition premature.

1. The power of the governor to appoint an extraordinary term of the Supreme Court is established by section 153 of the Judiciary Law (Cons. Laws, ch. 30). He may act whenever "in his opinion the public interest so requires." The statute which confers that

power is not in conflict with the Constitution, and this court cannot review the exercise of the discretion of the governor in that respect.

2. The proclamation of the governor appointing a term of the court makes no attempt to control its action. It does not mean that the extraordinary term shall go forward with a trial in violation of the law, or that anything *must* be heard there. An application for a writ of prohibition before the term has convened founded on the claim that the court will do an illegal act is, therefore, premature.

*People ex rel. Saranac Land & Timber Co.* v. *Supreme Court,* 177 App. Div. 378, affirmed.

(Argued April 20, 1917; decided April 25, 1917.)

Appeal from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 30, 1917, which denied a motion for a writ of prohibition.

The facts, so far as material, are stated in the opinion.

*Thomas F. Conway* and *Frank E. Smith* for appellant. A writ of prohibition will lie not only for the purpose of restraining the act of a court where it has no jurisdiction, but also where it acts or threatens to act in excess of its jurisdiction. (*Appo* v. *People,* 20 N. Y. 531; *Thompson* v. *Tracy,* 60 N. Y. 31; *People ex rel. Mayor* v. *Nichols,* 79 N. Y. 582; *People ex rel. Sandman* v. *Tuthill,* 79 App. Div. 24; *People ex rel. Jerome* v. *General Sessions,* 185 N. Y. 504; *People ex rel. Sampson* v. *Dunning,* 113 App. Div. 35; *People ex rel. Weeks* v. *Platt,* 173 App. Div. 451; Code. Civ. Pro. § 2091; *Matter of Metz* v. *Maddox,* 189 N. Y. 460; *People ex rel. Toy* v. *Mayer,* 71 Hun, 182.) The governor was without power to appoint the Special and Trial Term in question, at any rate he was without power to interfere with the jurisdiction of the Supreme Court or the method of trial of the actions or to give such court directions as to the manner or place of trial. (*People ex rel. Burby* v. *Howland,* 155 N. Y. 270; State Const. art. 6, §§ 1, 2; *Mussen* v. *Ausable Granite Works,* 63 Hun, 367; *Matter of Guden,*

171 N. Y. 529; *People* v. *Coughtry,* 58 Hun, 245; *People ex rel. Broderick* v. *Morton,* 156 N. Y. 144; *City of N. Y.* v. *N. Y. C. R. Co.,* 193 N. Y. 543; *Rathbone* v. *Wirth,* 150 N. Y. 459; *Smith* v. *Norman,* 5 Yerg. [Tenn.] 271.)

*Egburt E. Woodbury, Attorney-General* (*Wilber W. Chambers* of counsel), for respondents. The governor of New York is empowered in his discretion to appoint extraordinary Special and Trial Terms of the Supreme Court. Section 153 of the Judiciary Law giving him this power is constitutional. (*People* v. *Young,* 18 App. Div. 162; *People* v. *Gillette,* 191 N. Y. 107; *People* v. *Neff,* 191 N. Y. 210.) Any objection to the trying of the cases can have no effect on that part of the proclamation which fixes a Special Term for the hearing of the motions. (*People ex rel. Ballin* v. *Smith,* 184 N. Y. 96.)

CARDOZO, J. In 1895, The Saranac Land and Timber Company, the present relator, began two actions against James A. Roberts, as comptroller of the state of New York, to recover possession of land in Franklin county. There have been three trials. Early in the litigation, by stipulation in open court, the parties waived a jury and consented to the appointment of a referee. The third trial, like the earlier ones, resulted in judgments in favor of the plaintiff, which were entered on February 14, 1917.

On February 27, 1917, by proclamation of the governor of the state, an extraordinary Special and Trial Term of the Supreme Court was appointed to be held in the city of Schenectady on March 17, 1917, at 10 A. M. The term was appointed "for the purpose of hearing and determining motions for new trials" in the relator's actions of ejectment, which are identified by their titles, "and in the event new trials are granted, then to try said actions." It is "to continue so long as may be necessary for the disposal of the business which may be brought before it." One of the justices of the seventh district was

490   People ex rel. S. L. & T. Co. *v.* Supreme Court.

[220 N. Y.]          Opinion, per Cardozo, J.          [April,

designated to preside.   The proclamation contains a recital that the appointment of such a term appears to the satisfaction of the governor to be required in the public interest.

On March 8, 1917, the attorney-general served the relator with an order to show cause before the extraordinary term why the judgments should not be set aside and a new trial ordered because of newly-discovered evidence, and why the orders of reference theretofore made should not be vacated, and the actions proceed to trial before the court.   The relator, the plaintiff in ejectment, thereupon applied to the Appellate Division of the Supreme Court for a writ of prohibition.   The writ was refused, and an appeal to this court followed.

The relator contends that a court illegally constituted is about to adjudicate its rights.   The executive proclamation is challenged as illegal, and the term that depends upon it can have no greater validity.   In our judgment the term has been regularly proclaimed, and the organization of the court is lawful.

The power of the governor to appoint an extraordinary term is established by section 153 of the Judiciary Law, Consol. Laws, chap. 30, (formerly Code Civil Procedure, section 234).   He may act whenever " in his opinion the public interest so requires."   This court has held that the statute which confers that power is not in conflict with the Constitution (*People* v. *Gillette,* 191 N. Y. 107; *People* v. *Neff,* 191 N. Y. 210; *People* v. *Young,* 18 App. Div. 162; *People* v. *Shea,* 147 N. Y. 78).   In *People* v. *Gillette* (*supra*) the term was appointed for the purpose of a particular trial, a prosecution for murder.   In *People* v. *Neff* (*supra*) there was a like appointment in aid of a prosecution for larceny.   In *People* v. *Shea* (*supra*) the appointment of an extraordinary Court of Oyer and Terminer was sustained, though another and regular Court of Oyer and Terminer had already been appointed in the same county at the same time.

The relator insists that an extraordinary term is needless. That is a question for the governor, and no one else. We cannot review the exercise of his discretion (*People* v. *Shea, supra; State* v. *Register,* 133 N. C. 746; *State* v. *Lewis,* 107 N. C. 967; *Matter of Guden,* 171 N. Y. 529.) There may be reasons for urgency which we cannot know. The governor is not required to disclose them. He may have thought that the public interest demands the expeditious determination of actions affecting the title of the state. But the whole subject is beyond our province. The power and the responsibility are his, and his only.

We are told that an attempt has been made to supplant the functions of the judiciary, and, by mandate of the executive, to sanction an illegal mode of trial. As the relator construes the proclamation, the judge is instructed, not only to hear the motion for a new trial, but also, if the motion is granted, to try the case himself, and this though some other form of trial is called for by the law. A trial by a judge, it is insisted, would be illegal. The actions, in the relator's view, must be tried before a referee, because there is a requirement of the Code (Code Civil Procedure, section 1011) that if a stipulation for a reference is made, and a new trial is thereafter granted, the court must appoint another referee, unless the stipulation expressly provides otherwise. Even if the stipulation for a reference is vacated, the argument is that the waiver of a jury trial falls with it, and the action, if triable by a jury, must be tried in Franklin county where the land is situated (Code Civil Procedure, section 982). The proclamation, we are told, nullifies these provisions of the Code, and is an attempt by the executive to control judicial action as to the mode and place of trial.

There are two answers to that argument. In the first place the proclamation makes no attempt to control the action of the court. It does not mean that the extraordinary term shall go forward with the trial in violation of

law. It does not mean that anything *must* be heard there. It merely creates a term at which there will be an opportunity for a hearing. It organizes a court to which the state and other suitors may repair, and have the measure of their rights judicially declared. The statement in the proclamation of the *purpose* of the term does not confer jurisdiction. It does not enlarge or diminish the rights of litigants. It is merely matter of inducement. It is a statement — an appropriate, but needless statement — of the considerations or some of them that induced official action. Those considerations add nothing to, and subtract nothing from, the power of the court when once the term has been created. It is then a term of the Supreme Court with the same jurisdiction that belongs to any other term (*People ex rel. Mayor, etc., of N. Y. v. Nichols*, 79 N. Y. 582; *State v. Register*, 133 N. C. 746, 749). Strange consequences would follow the acceptance of the relator's argument. We have already referred to extraordinary terms which have been appointed for the trial of indictments for particular offenses. The relator's argument, if sound, would mean that in all those cases, the courts had by implication been instructed by the governor to proceed with the trials regardless of jurisdiction of the crime, of the validity of the indictment, or of the right of the accused to an adjournment or a change of venue. No such interpretation is thinkable. The executive establishes the term, and designates a judge to hold it. He has no power to do more. He has not attempted to do more. The power of the judge who sits in judgment is not affected by executive rescript or decree. It is governed only by the law.

There is another answer. Even if the court is without power to try these actions at an extraordinary term in Schenectady, there is nothing in this record which impeaches its power at such a term to hear the motion for a new trial. Whether it will do anything more we cannot now say. An application for a writ of prohibition

is, therefore, premature. That was held in effect in *People
ex rel. Ballin* v. *Smith* (184 N. Y. 96). (See also *People ex rel. Whitman* v. *Woodward,* 150 App. Div. 770.)
The court may refuse to grant a new trial. If it grants
a new trial, it may refuse to vacate the reference. If it
vacates the reference, it may hold that the case is triable
in Franklin county. If it vacates the reference, and
holds that it may try the case without a jury in Sche-
nectady, the question will then come up whether its
ruling is right, and whether, if wrong, there is error
merely, to be corrected by appeal, or defect of jurisdic-
tion, to be corrected by a prohibitory writ.

We can see no reasonable basis for the contention that
the term is illegal, that the court is not a duly organized
court, and that it should be prohibited from considering
the matters that may hereafter be brought before it.

The order should be affirmed with costs.

HISCOCK, Ch. J., CHASE, HOGAN, POUND, McLAUGHLIN
and ANDREWS, JJ., concur.

Order affirmed.