The judgment of conviction should be reversed and a new trial granted.

CHASE, COLLIN, HOGAN and McLAUGHLIN, JJ., concur; CUDDEBACK, J., dissents; CRANE, J., absent.

Judgment of conviction reversed, etc.

---

SARANAC LAND AND TIMBER COMPANY, Appellant, v. JAMES A. ROBERTS, as Comptroller of the State of New York, Respondent. (Action No. 2.)

**Referees — appointment thereof by stipulation or order of the court — construction and application of sections 1011 and 1525 of Code of Civil Procedure — reversal of judgment entered on referee's report — if such referee was appointed by the court the appointment of new referee on new trial is discretionary.**

1. Appeal from an order of the Appellate Division in the first department modifying and affirming as modified an order of a Trial and Special Term, which granted a new trial of the action, refused to vacate the consent of the defendant to an order of reference therein and appointed a new referee to hear, try and determine the same. The appeal to this court is from so much of the order as affirms the appointment of a new referee. Section 1011 of the Code of Civil

Procedure, which relates to the appointment of a referee by stipulation, provides that if the referee *named in the stipulation*, that is, named by the parties in the written stipulation signed by their attorneys, refuses to serve, or if a new trial of an action tried by a *referee so named*, that is, named by the parties in the written stipulation signed by their attorneys, is granted, the court must appoint another referee, unless the *stipulation expressly provides* otherwise. *Held*, that since the referee herein was appointed by the court, the Special Term and the Appellate Division were in error in assuming that the appointment of a new referee in this case is mandatory. The court, however, has power to name a new referee in the exercise of judgment and discretion upon the facts before it, and the motion, so far as the appointment of another referee is concerned, is remitted to the Special Term for further consideration.

2. The reversal of a judgment upon the referee's report and the granting of a new trial does not of itself vacate the order of reference. A stipulation to refer the issues in an action which does not provide otherwise continues in effect for successive trials. But either party is at liberty to move for a change of referee; and it is the established practice, where the case depends upon questions of fact upon which a referee has once passed, to grant such motion and send the retrial to a new referee.

*Saranac Land & Timber Co.* v. *Roberts*, 183 App. Div. 897, reversed.

(Argued September 30, 1918; decided November 12, 1918.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department entered May 24, 1918, modifying and affirming as modified an order of Special Term which granted a new trial of the action, refused to vacate the consent of the defendant to an order of reference therein and appointed a new referee to hear, try and determine the same. By the modification of the order the defendant was required to pay to the plaintiff the referee's and stenographer's fees of the last reference. The appeal to this court is from so much of the order as affirms the appointment of a new referee. The following questions were certified:

" 1. Where in an action of ejectment the parties have in open court consented to a trial by a referee, and a

referee selected by the court has thereupon been appointed, and a trial had, and thereafter the judgment rendered by said referee having been set aside and a new trial ordered under section 1525 of the Code of Civil Procedure, and the referee originally appointed having died, a new referee has been selected and appointed by the court and a new trial had before him, and the judgment rendered by said referee having been reversed by the Court of Appeals and a new trial ordered, and the second referee having thereupon resigned, a new referee has been selected and appointed by the court and the action tried before him and judgment rendered, and a new trial upon the ground of newly-discovered evidence having thereupon been granted, is the court bound, on granting the motion for a new trial, to appoint a new referee, the referee who last tried the action not having been discharged or removed?

" 2. Where a referee has been appointed, as stated in the first question, and a new trial on the ground of newly-discovered evidence is granted, has the court power, on ordering the new trial, to appoint a new referee to try the action, the former referee not having been discharged or removed?

" 3. Where a referee has been appointed as stated in the first question and a new trial on the ground of newly-discovered evidence is granted, and the referee has not been discharged or removed, does the action on the entry of the order for a new trial stand referred to the former referee or must a new referee be appointed? "

The nature of the action and the facts, so far as material, are stated in the opinion.

*Thomas F. Conway* and *Frank E. Smith* for appellant. If the court, as matter of law, possessed a discretion in the matter and might have remitted the case to the referee then in office for the new trial, then it was not his

" duty " to appoint another referee, unless upon the whole case and in the exercise of judicial discretion, he deemed it proper so to do. (*Tilton* v. *Beecher*, 59 N. Y. 176; *Tolman* v. *S., B. & N. Y. R. R. Co.*, 92 N. Y. 353; *Genet* v. *D. & H. Co.*, 113 N. Y. 472.) Section 1011 of the Code does not require the appointment of a new referee in all cases in which a new trial is granted. (*Catlin* v. *Adirondack Co.*, 81 N. Y. 379; *Hustis* v. *Aldridge*, 144 N. Y. 508; *Mitchell.* v. *Village of White Plains*, 9 App. Div. 258; *Buffalo Cold Storage Co.* v. *Bacon*, 136 App. Div. 263; *Butterly* v. *Deering*, 158 App. Div. 181; 210 N. Y. 551; *Carney* v. *Penn Realty Co.*, 174 App. Div. 86; *Brown* v. *Root Mfg. Co.*, 148 N. Y. 294; *Lennon* v. *Smith*, 18 N. Y. Supp. 213; *Billings* v. *Vanderberk*, 15 How. Pr. 295; *Klein* v. *Cont. Ins. Co.*, 62 Hun, 341.) Under the circumstances of this case it was legal error for the court to appoint a new referee. (*Maicas* v. *Leony*, 113 N. Y. 619.) The former referee being still in office, the court had no power to appoint a new referee. (*Catlin* v. *Adirondack Co.*, 81 N. Y. 379.) The established practice by uniform authority requires, in case of a new trial of actions tried by referees, the sending of the case to the·same referee, unless for some good reason he has been removed, except in cases coming within the amendment to section 1011. Hence, the appointment of the new referee in the present case was in excess of any discretionary power possessed by the court. The limits of discretionary power must terminate when they come in conflict with settled practice established by precedents. (*Fisher* v. *Gould*, 81 N. Y. 228; *Maicas* v. *Leony*, 113 N. Y. 619; *Garezynski* v. *Russel*, 75 Hun, 492; *Pinsker* v. *Pinsker*, 44 App. Div. 501; *Klein* v. *Continental Ins. Co.*, 62 Hun, 341.)

*Merton E. Lewis*, Attorney-General (*Wilber W. Chambers* of counsel), for respondent. Upon granting a new trial

of the actions on the ground of newly-discovered evidence the court at Special Term very properly appointed a new referee before whom the trial should be conducted. (*Buffalo Cold Storage Co.* v. *Bacon,* 136 App. Div. 263; *Butterly* v. *Deering,* 158 App. Div. 181; *Carney* v. *Penn Realty Co.,* 174 App. Div. 86; *Brown* v. *Root Mfg. Co.,* 148 N. Y. 294; *Mitchell* v. *Village of White Plains,* 9 App. Div. 258; *Knowlton* v. *Atkins,* 134 N. Y. 313; *Lennon* v. *Smith,* 18 N. Y. Supp. 213; *People ex rel. S. L. & T. Co.* v. *Extraordinary Term,* 220 N. Y. 487.)

CHASE, J. This is an ejectment action. All of the issues therein were referred to a referee to hear and determine the same. The order of reference contains a recital as follows: " The above-entitled action coming on to be heard in its regular order on the calendar and the parties by their respective counsel having waived a jury trial and consented in open court that this action be tried by a referee to be selected by the court."

The action was tried before the referee so named and resulted in a judgment for the plaintiff. That judgment was affirmed by the Appellate Division (*Saranac L. & T. Co.* v. *Roberts,* 125 App. Div. 333) and by this court. (*Saranac L. & T. Co.* v. *Roberts,* 195 N. Y. 303.)

The judgment so entered was vacated and a new trial of the action ordered pursuant to section 1525 of the Code of Civil Procedure as it then existed. In the mean time the referee so appointed having died, the court appointed a new referee before whom the action was again tried, and it resulted in a judgment for the plaintiff. That judgment was affirmed by the Appellate Division (*Saranac L. & T. Co.* v. *Roberts,* 152 App. Div. 918), but it was reversed by this court (*Saranac L. & T. Co.* v. *Roberts,* 208 N. Y. 288) and a new trial granted.

The referee before whom the case was tried the second time resigned and the court appointed a third referee. The action was tried before the referee so appointed and resulted in a judgment for the plaintiff. A motion was made by the defendant for a new trial on the ground of newly-discovered evidence, also to vacate and set aside his consent that the action be tried by a referee and also that in case the new trial was granted and the consent that the action be tried by a referee be not set aside then for the appointment of a new referee. The new trial was granted but the court refused to set aside the said consent of the defendant. It named a new referee, holding in substance and as a matter of law that it was the duty of the court to appoint a new referee. On an appeal to the Appellate Division the order was affirmed, as modified in a part not material on this appeal. (*Saranac L. & T. Co.* v. *Roberts*, 183 App. Div. 897.) Leave was granted to appeal to this court from a part of said order. (*Saranac L. & T. Co.* v. *Roberts*, 184 App. Div. 892.)

The appeal involves a construction of section 1011 of the Code of Civil Procedure which is as follows:

" Except in a case specified in the next section, the whole issue, or any of the issues in an action, either of fact or of law, must be referred, upon the consent of the parties, manifested by a written stipulation, signed by their attorneys, and filed with the clerk. Where the stipulation does not name the referee, he may be designated by the court, on motion of either party. Where the stipulation names the referee, the clerk must enter an order of course, referring the issue or issues for trial, to that person only. If the referee named in a stipulation refuses to serve, or if a new trial of an action tried by a referee so named is granted, the court must appoint another referee, unless the stipulation expressly provides otherwise."

The intention and purpose of the Code provision can be made more clearly apparent by substantially repeating parts of it in connection with what seems to us to be the necessary conclusions to be drawn therefrom. The section, except in certain cases not now material, permits the parties to an action to consent to a reference of the whole issue or any of the issues in an action either of fact or of law.

If the consent is manifested by a written stipulation signed by the attorneys and filed with the clerk, the reference becomes a matter of right. Where the stipulation does not name the referee, he may be designated by the court. A distinction is made throughout the section between a case where the parties through the attorneys name the referee, and one where the court names the referee after a stipulation for the reference without naming the referee. Where the stipulation names the referee the clerk must enter the order of course. Where it does not name the referee he is to be designated by the court on motion of either party. The last sentence of the section which was added by chapter 542 of the Laws of 1879 is the part thereof the meaning of which is specially in controversy. It provides that " If the referee *named in the stipulation* (that is, named by the parties in the written stipulation signed by their attorneys) refuses to serve, or if a new trial of an action tried by a referee *so named* (that is, named by the parties in the written stipulation signed by their attorneys) is granted, the court must appoint another referee, unless the *stipulation expressly provides otherwise.*"

It is true that the stipulation which manifested the consent of the parties to a reference of the action did not expressly provide that in case of a new trial the court should not appoint another referee; neither did the stipulation name a referee. The referees herein were each named by the court; therefore, the granting of a

new trial did not make the appointment of another referee compulsory.

The general rule as to the effect of a reversal of a judgment entered upon the report of a referee when not expressly provided by statute, is stated in *Catlin* v. *Adirondack Co.* (81 N. Y. 379, 381), as follows:

" The reversal of the judgment upon the referee's report and the granting of a new trial did not of itself vacate the order of reference.  It stands unless provision is made to the contrary, or the order is vacated upon motion.  This has been decided in numerous cases in the Supreme Court.  The practice has been to construe the order granting a new trial as directing such new trial before the same referee, unless otherwise specially provided.  Therefore, even if the powers of the referee were exhausted when he filed his report, they were revived by the order to try the case."

A stipulation to refer the issues in an action which does not provide otherwise continues in effect for successive trials even in an ejectment action where a new trial is had pursuant to the provisions of section 1525 of the Code of Civil Procedure as it existed prior to September 1, 1911.   (*Brown* v. *Root Mfg. Co.*, 148 N. Y. 294.)

Where a referee is named by the parties in the stipulation the appointment of a new referee is mandatory. (*Hustis* v. *Aldridge*, 144 N. Y. 508; *Brown* v. *Root Mfg. Co., supra.*)

The decisions in *Knowlton* v. *Atkins* (134 N. Y. 313) and *Lennon* v. *Smith* (18 N. Y. Supp. 213) do not materially affect the question now before us.  Such decisions are to the effect that a stipulation in open court is deemed the equivalent of a similar written stipulation contemplated by the Code provision.

We conclude that the court at Special Term and at the Appellate Division were in error in assuming that the appointment of a new referee in this case is mandatory.

The court, however, has power to name a new referee in the exercise of judgment and discretion upon the facts before it.    When the *Catlin* case was in the General Term of the Supreme Court (*Catlin* v. *Adirondack Co.*, 19 Hun, 389, 390), from the decision of which the appeal was taken to this court and from the report of which we have quoted, it was held that the order of reference therein had not been vacated by the simple reversal of the judgment entered upon the report of a referee, and the court further say:

" Either party was at liberty to move for a change of referee; and it is the established practice, where the case depends upon questions of fact upon which a referee has once passed, to grant such motion and send the retrial to a new referee."

The order so far as appealed from should be reversed, with costs in this court and in the Appellate Division, and the motion, so far as the appointment of another referee is concerned, remitted to the Special Term for further consideration upon the facts before it.

The first question certified should be answered in the negative, the second in the affirmative, and the third question should be answered as follows: " It stands referred to the former referee subject to the appointment of a new referee by the court."

HISCOCK, Ch. J., COLLIN, CUDDEBACK, HOGAN and CRANE, JJ., concur; McLAUGHLIN, J., not voting.

Ordered accordingly.