SARANAC LAND AND TIMBER COMPANY, Respondent, *v.* JAMES A. ROBERTS, as Comptroller of the State of New York, Appellant.

**Supreme Court — duration of terms thereof — Extraordinary Special and Trial Terms have same jurisdiction as any other term — when an Extraordinary Term is convened for the disposal of business which may be brought before it, it is deemed to continue until the decision of motions submitted although it has expired for the purpose of new business.**

1. There is no provision of the Constitution or general provision of statute which limits the duration of a term of the Supreme Court when once duly called and convened.        ·

2. When a term of court is ended for new and further business, it may be deemed continued for the purpose of deciding cases and matters finally submitted to it during its regular and formal sittings. (Code Civ. Pro. § 45.)

3. The statement of the purpose of the term in a proclamation convening an Extraordinary Special and Trial Term does not enlarge or diminish the rights of litigants.   It becomes a term of the Supreme Court with the same jurisdiction that belongs to any other term.

4. Where by the express direction of the proclamation convening such a term, it was to continue " So long as may be necessary for the disposal of the business which may be brought before it," it should be deemed to continue for the purpose of a final decision of the motions

theretofore submitted although it had expired for the purpose of new business.

5. A question of law is presented on this appeal, whether upon all the facts as shown in the record about which there is no material controversy, the Extraordinary Special Term in question remained in existence for the purpose of finally disposing of the business before it. Hence this court is not precluded from reviewing the unanimous decision of the Appellate Division.

*Saranac Land & Timber Co.* v. *Roberts*, 187 App. Div. 361, reversed.

(Argued September 29, 1919; decided November 18, 1919.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 2, 1919, which reversed an order of Special Term denying a motion to vacate and set aside a prior order made at an Extraordinary Special Term by which a referee was appointed to hear, try and determine the issues in the action and granted said motion.

·The following question was certified: " Did the Extraordinary Special Term which had been convened by the Governor still lawfully exist at the time it entertained the motion on the remittitur from the Court of Appeals and from this court, and did it have jurisdiction to entertain and decide the motion? "

The facts, so far as material, are stated in the opinion.

*Charles D. Newton, Attorney-General (Wilber W. Chambers* of counsel), for appellant. The order made at the Special Term presided over by Mr. Justice CLARK is valid. (*Catlin* v. *Adirondack Co.*, 19 Hun, 389; *People* v. *C. C. Bank*, 35 How. Pr. 428; *People ex rel. Weick* v. *Warden*, 117 App. Div. 154.)

*Thomas F. Conway* and *Frank E. Smith* for respondent. The Extraordinary Special Term appointed by law (through the act of the governor) to be held in and for Schenectady county on March 17, 1917, ended in July, 1917. (*Stoval* v. *Emerson*, 20 Mo. App. 322; *Wright* v. *Wallbaum*, 39 Ill. 554; *People* v. *Sullivan*, 49 Hun, 333;

115 N. Y. 185; *Loewe* v. *Union Savings Bank*, 222 Fed.
Rep. 342; *Stewart* v. *Palmer*, 74 N. Y. 183.) The
Extraordinary Term having come to an end in July, 1918,
has not been recreated or brought back to life by anything
happening since. (*Tilton* v. *Beecher*, 59 N. Y. 176.)
The recitals in the order that it is an order of the Extraor-
dinary Special Term are not conclusive. (*Matter of
Whitman*, 225 N. Y. 1.) There was no jurisdiction in the
court to make the order in question as when and where
it was made. (*Armstrong* v. *Loveland*, 99 App. Div. 28;
*Gould* v. *Bennett*, 59 N. Y. 124; *Matter of Wadley*, 29
Hun, 12; Code Civ. Pro. § 769; *Attrill* v. *Rockaway
Beach Imp. Co.*, 25 Hun, 376; *Pinkney* v. *Hegerman*,
4 Lans. 374; 53 N. Y. 31.)

CHASE, J. This is one of two actions similarly entitled,
each brought to recover the immediate possession of
real property. It has been tried three times. (See opinion
*Saranac Land & Timber Co.* v. *Roberts*, 224 N. Y. 377.)
After the judgment entered upon the report of the
referee who heard and decided the issues on the third
trial, and on February 27, 1917, the governor appointed
an Extraordinary Special and Trial Term of the Supreme
Court to be held at the Schenectady county court house
in the city of Schenectady on a day therein named,
" For the purpose of hearing and determining motions
for new trials in the two actions entitled Saranac Land
and Timber Company against James A. Roberts as
comptroller of the state of New York, defendant, and
that in the event new trials are granted then to try said
actions."

William W. Clark, a justice of the Supreme Court
in the seventh judicial district, was appointed to hold
said Extraordinary Special and Trial Term, and it was
held by him pursuant to such appointment. Such
term of the Supreme Court so appointed was regularly
proclaimed and legally constituted. (*People ex rel.*

*Saranac Land & Timber Company* v. *Supreme Court,* 220 N. Y. 487; *People* v. *Neff,* 191 N. Y. 210.)

There is no provision of the Constitution or general provision of statute which limits the duration of a term of the Supreme Court when once duly called and convened. (*People ex rel. Weick* v. *Warden of City Prison,* 117 App. Div. 154; affd., on opinion of Appellate Division, 188 N. Y. 549.)

The statement in the proclamation of the purpose of the term does not enlarge or diminish the rights of litigants. It became a term of the Supreme Court with the same jurisdiction that belongs to any other term. (*People ex rel. Saranac Land & Timber Company* v. *Supreme Court, supra.*) By the express direction of the proclamation the term was to continue " *So long as may be necessary for the disposal of the business which may be brought before it.*"

A motion was made at such Extraordinary Special Term by the defendant for a new trial of this action on the ground of newly-discovered evidence and also to vacate and set aside the consent of defendant that the action be tried by a referee and also that in case a new trial should be granted and the consent that the action be tried by a referee be not set aside, then for the appointment of a new referee. Such motions were heard and duly submitted for determination. The court granted the new trial but refused to set aside the consent of the defendant to the trial of the action before a referee. It named a new referee, holding in substance and as a matter of law that it was the duty of the court to appoint a new referee. On appeal to the Appellate Division the order was affirmed as modified in a part not material on this appeal. (*Saranac Land & Timber Company* v. *Roberts,* 183 App. Div. 897.) Leave was granted to appeal to this court from a part of said order. (*Saranac Land & Timber Company* v. *Roberts,* 184 App. Div. 892.) This court held that the Extraordinary Special Term and

the Appellate Division were in error in assuming that the appointment of a new referee upon the facts then before the court was mandatory, and further held that the court had power to name a new referee in the exercise of its judgment and discretion.   The order so far as appealed from was reversed and " The motion so far as the appointment of another referee is concerned remitted to *the Special Term for further consideration upon the facts before it.*"   The only Special Term that had the facts before it was the Extraordinary Special Term held by Justice CLARK, before which Special Term the motions were submitted, but in which the judgment and discretion of the court had not for the reason stated been exercised.

The history of that Special Term shows that on June 16, 1917, the day when the motions were finally submitted to the court for decision, an adjournment was taken to a subsequent day and on such day the court was again adjourned until July 28, 1917.   On July 28, 1917, no formal action was taken either to adjourn the court *sine die* or otherwise.   It is interesting and significant that the order made following the submission of the motions on June 16, 1917, although dated June 16, 1917, was actually made and entered on July 17, 1917, a day to which the Extraordinary Special Term had not been formally adjourned, all parties apparently assuming that after the submission of the motions the court for the purpose of such motions remained in continuous existence until the final decision thereof.

After the decision of this court (224 N. Y. 377) Justice CLARK in the exercise of the discretion and judgment vested in the Extraordinary Special Term made an order which is entitled: " At an extraordinary special term of the supreme court held at the Schenectady county court house in the city of Schenectady on the 17th and 31st days of March, the 24th day of April, the 16th day of May and the 16th day of June, 1917, and continued for the further consideration of the motion remanded to it by the court

of appeals pursuant to the judgment of the court of appeals dated November 13, 1918." Such order appointed a referee to hear, try and determine the issues in this action. A motion was then made at a Special Term to set aside and vacate the order so made on the ground that the Extraordinary Special Term had expired July 28, 1917. The motion was denied. An appeal was taken therefrom to the Appellate Division where the order was reversed and the order made at the Extraordinary Special Term set aside and vacated. It is from the order so made at the Appellate Division that this appeal is taken. The only question presented on this appeal is whether the Extraordinary Special Term remained in existence for the purpose of finally deciding the motions theretofore made at such term. It is urged that there is no question of law in this case that the court can consider. The decision of the Appellate Division from which this appeal is taken was unanimous, but this court is only precluded from reviewing a unanimous decision of the Appellate Division when such decision is " That there is evidence supporting or tending to sustain a finding of fact or a verdict not directed by the court." (Constitution, art. 6, sec. 9; Code of Civil Procedure, § 191, subd. 3.) The decision of the Appellate Division in this case was a reversal of the order of the Special Term. A question of law is presented on this appeal, and it is whether upon all the facts as shown in the record about which there is no material controversy, the Extraordinary Special Term remained in existence for the purpose of finally disposing of the business before it. We repeat that the term was appointed to continue " so long as may be necessary for the disposal of the business which may be brought before it." It will be assumed that as to any new business the Extraordinary Trial and Special Term ceased to exist in July, 1917.

It is necessary that the times and places of holding

courts be fixed in advance that jurors can be drawn therefor, and that notices can be given and the necessary steps taken to obtain jurisdiction of the parties in civil and criminal actions and proceedings.

The Constitution expressly provides that " The justices of the Appellate Division in each department shall have power to fix the times and places for holding the special terms therein, and to assign the justices in the department to hold such terms; or to make rules therefor." (Constitution, article 6, sec. 2; Judiciary Law, sec. 84.) An Extraordinary Special or Trial Term of the Supreme Court can be called by the governor. (Judiciary Law, sec. 153.) Business before the court as such must, of course, be done within a term duly appointed and held. Our inquiry is, whether after a term has been duly appointed and convened, and a motion is made or a trial had therein, if the decision thereof is not rendered until such term has expired by express limitation or by failure to adjourn it formally, shall such term be deemed continued for the purpose of making and filing such decision. The answer to this question is more important than would appear from a casual statement of the proposition.

It would not be an exaggeration to say that there are thousands of cases every year in this state, in which motions are made or trials had in court during terms thereof duly appointed and held and in which the decisions or orders therein are not entered, signed, or made until the terms of court at which the motions were so made and issues tried had ceased to exist for the hearing of new business. The terms of court in all or at least part of the state are appointed not only for a particular day but to continue for a fixed period of time or until adjourned without day. (See Special Rules of First Department, Supreme Court; Trial Term, rule 4; Special Terms, rules 1, 4 and 7.)

Many of the cases tried or questions heard at such

terms are not and cannot be decided until long after the time when such terms are last formally adjourned.

It is expressly provided by section 45 of the Code of Civil Procedure that "Where the trial or hearing of an issue of fact, joined in an action or special proceeding, civil or criminal, has been commenced at a term of a court of record, it may notwithstanding the expiration of the time appointed for the term to continue, be continued to the completion thereof; including, if the cause is tried by a jury, all proceedings taken therein until the actual discharge of the jury; or, if it is tried by the court without a jury, until it is finally submitted for a decision upon the merits."

The Code provision is a recognition that a trial can continue "*Notwithstanding the expiration of the time appointed for the term to continue,*" and in case of a trial by the court "*until it is finally submitted for a decision upon the merits.*"

Although the section of the Code quoted does not expressly provide that a term shall continue after a cause is finally submitted to the court and until a decision thereof, it was not the purpose of the statute to prevent a decision of a cause or question finally submitted to the court even if such term is not formally adjourned to a time beyond that at which a decision or order therein and the resettlement thereof is finally made and signed.

When a term of court is ended for new and further business, it may be deemed continued for the purpose of deciding cases and matters finally submitted to it during its regular and formal sittings. (*Schultze* v. *Huttlinger,* 150 App. Div. 489, 492; *Walker* v. *Moser,* 117 Fed. Rep. 230; *Harrison* v. *German Am. Fire Ins. Co.,* 90 Fed. Rep. 758; *Cheesman* v. *Hart,* 42 Fed. Rep. 98; *Woffenden* v. *Charouleau,* 11 Pac. Rep. [Ariz.] 61; *Shenck* v. *Birdseye,* 2 Ida. 141; *State* v. *Rye,* 35 N. H. 368; *Yatter* v. *Miller,* 61 Vt. 147; *Tyson* v. *Glaize,* 23 Gratt. [Va.] 799.)

All legislative enactments should be construed in

recognition of the practice which is general and long continued of making decisions in matters tried, argued and submitted at Special and Trial Term on the assumption that for the purpose of such decision the Special or Trial Term continues in existence. The order of the Special Term now under consideration was made and signed by the justice before whom the Extraordinary Special Term was regularly held at Schenectady and was entitled in such Special Term. The fact that such justice signed said order when he was not in the court house at Schenectady is not important in view of the fact that the motions were submitted to the court at the place and during the time when it was actually held as such.

We are of the opinion that although the Extraordinary Special Term had expired for the purpose of new business, it should be deemed to continue for the purpose of a final decision of the motions submitted at such Extraordinary Special Term on the 16th day of June, 1917.

The order signed July 17, 1917, contained but a partial determination of the questions before the court. The motion was remitted to that court to complete the findings or decision. The remission of the motion to the Special Term was not in any sense a new and independent step in the action. It was a necessary part of the decision of the original motion.

The order of the Appellate Division should be reversed and that of the Special Term denying the motion of the plaintiff to set aside the order of the Special Term held by Justice CLARK should be affirmed, with costs in this court and in the Appellate Division, and the question certified so far as it affects the determination of this appeal is answered in the affirmative.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND and ANDREWS, JJ., concur; McLAUGHLIN, J., not voting.

Ordered accordingly.