THEODORE ROOSEVELT, GOBERNADOR DE PUERTO RICO, y JAMES R. BEVERLEY, peticionarios, *v.* LA CORTE DE DISTRITO DE SAN JUAN, HON. ANGEL R. DE JESÚS, JUEZ, demandado.

No. 790.—*Sometido:* Agosto 10, 1931. *Resuelto:* Agosto 13, 1931.

*Hon. Attorney General James R. Beverley, A. Ortíz Toro y M. Rodríguez Serra, Primero y Segundo Procuradores Auxiliares,* respectivamente, abogados de los peticionarios; *Feliú & La Costa* y *E. Font Suárez,* abogados de los demandantes en el pleito principal; *Juan B. Soto,* como *amicus curiae.*

Instado *certiorari* para revisar orden de aseguramiento de sentencia que, dictada por la Corte de Distrito de San Juan, restringió al Gobernador de Puerto Rico de poner en vigor la Ley No. 99 de 1931, este tribunal por resolución de 28 de julio de 1931, acordó oír y oyó a las partes sobre la procedencia del recurso el 30 del mismo mes y año. Por resolución de agosto primero de este año se acordó se expidiera mandamiento requiriendo de la corte inferior la remisión a este tribunal de copia certificada de los autos en el incidente sobre aseguramiento, a fin de revisar los procedimientos y acordar lo que pareciera arreglado a derecho, señalando la vista del recurso en su fondo para las dos de la

tarde del día 16 de noviembre de 1931. El mandamiento expedido fué debidamente diligenciado y notificado. Ya en vacaciones el tribunal, los demandantes en el pleito que dió origen al *certiorari* le presentaron mociones para que se impidiera a los demandados en dicho pleito, que son los aquí peticionarios, el que violaran la orden de aseguramiento de efectividad de sentencia impugnada en el recurso y para ratificar su intervención en el procedimiento. Con el fin de que el tribunal oyera, considerara y resolviera dichas mociones, el Hon. Gobernador de Puerto Rico convocó a sesión extraordinaria y habiéndose celebrado la vista de dichas mociones en la fecha señalada, esta corte dictó la siguiente resolución:

"San Juan, Puerto Rico, agosto 13, 1931.

"Se ratifica la intervención de los demandantes en el pleito que motiva el presente recurso de *certiorari* como interventores en él; y vista su moción de 6 de agosto corriente, la oposición a ella de los peticionarios en este recurso y oídos los informes de los abogados de las partes, esta corte por las circunstancias especiales que concurren, aclara su resolución de 1 de agosto de 1931, librando el auto de *certiorari* en este caso, en el sentido de que su citada resolución ha dejado las cosas en el estado que tenían al ser notificado nuestro auto a la corte inferior y, consiguientemente, en vigor la orden recurrida de aseguramiento de sentencia y su notificación a los demandados, mientras no sea anulada dicha orden de aseguramiento al ser oído y resuelto el auto de *certiorari* que hemos librado, resultando así innecesario resolver las otras peticiones subsidiarias de los interventores."

El Juez Presidente Accidental Señor Wolf, disintió en cuanto la corte dejó de adelantar el señalamiento hecho para noviembre de la vista del recurso de *certiorari*. Los Jueces Presidente Señor del Toro y Asociado Señor Texidor no intervinieron.[*]

---

[*] NOTA: La relación de hechos que precede a la resolución transcrita es del Repórter.

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SR. WOLF.

En consultación, el tribunal llegó a la decisión que antecede. El Juez Asociado Sr. Hutchison después propuso que se señalara el *certiorari* para el.lunes 17 de agosto, con lo que estuvo conforme el que suscribe. El Juez Asociado Sr. Aldrey creyó que el tribunal no tenía la facultad de oír nada que no fuera incluído en la convocatoria del Gobernador, y el Juez Asociado Sr. Hutchison no estuvo dispuesto a señalar el caso ante una corte dividida. Disiento por no haber el tribunal señalado el caso para una fecha próxima. La vista de este recurso de *certiorari* fué señalada para el 16 de noviembre de 1931, toda vez que no podía tenerse formalmente ante la corte el "return" antes de que el tribunal cerrara sus sesiones. Bajo una convocatoria especial del Gobernador, fuimos reunidos para considerar ciertas mociones de los demandantes. Si bien esta convocatoria se limitó a la consideración de dichas mociones, ella creó un término de este tribunal en que estamos autorizados para considerar, conforme entiendo la ley, cualquier caso ya sometido a él. *People ex rel S. L. & T. Co.* v. *Supreme Court,* 220 N.Y. 487, 116 N.E. 384; *Matter of Reynolds* v. *Crapsey,* 241 N. Y. 389; *Saranac Land & Timber Co.* v. *Roberts,* 227 N. Y. 188, 125 N.E. 102; 15 C.J. 891. Véase, además, *Caldwell* v. *State,* 84 So. 272. Esto es cierto en lo que se refiere al *certiorari* pendiente.

El caso fué señalado para noviembre, pero el "return" de la Corte de Distrito de San Juan ya ha sido radicado. Por tanto, a mi juicio, estamos facultados para anular el señalamiento anterior del caso y a celebrar una vista rápida. En un procedimiento de *certiorari* en que todos los documentos están ante nos, me parece, asumiendo la autoridad, que la corte en un asunto muy importante de esta índole debe proceder a una vista.

Todas las cuestiones aquí envueltas podrían entonces ser resueltas por la corte tal como está actualmente constituída, y soy de opinión que hemos debido proceder a señalar el caso.