THEODORE ROOSEVELT, GOVERNOR OF PUERTO RICO, and JAMES R. BEVERLEY, Petitioners, v. DISTRICT COURT OF SAN JUAN, Respondent.

No. 790.   Argued August 10, 1931.—Decided August 31, 1931.

James R. Beverly, Attorney General, A. Ortiz Toro, First Assistant Attorney General, and M. Rodríguez Serra, Second Assistant Attorney General, for petitioners. Feliú & La Costa and E. Font Suárez for plaintiffs in the main action. Juan B. Soto, as amicus curiae.

In a certiorari proceeding to review an order, made by the District Court of San Juan, to secure the effectiveness of a judgment (*orden de aseguramiento de sentencia*) and restraining the Governor of Puerto Rico from putting into effect Act No. 99 of 1931, this Court, by an order of July 28, 1931, directed that a hearing be had on the question of the applicability of the remedy sought, and the parties were heard accordingly on the 30th of the same month. Pursuant to an order of the 1st of August of the present year, a writ was issued to the lower court commanding it to certify and send to this Court a transcript of the record in the proceedings had concerning such restraining order, that the same might be reviewed by the Court and that the Court might further cause to be done thereupon what it might appear of right ought to be done, and the case was set for hearing on the merits on November 16, 1931, at two o'clock p. m. The writ issued was duly served. While the Court was in vacation, the plaintiffs in the action which gave rise to the certiorari proceeding herein filed motions seeking to enjoin the defendants in the said action, who are the present petitioners, from violating the order complained of in the present proceeding, and to confirm their intervention in said proceeding. The Honorable Governor of Puerto Rico called a special term of this Court in order that it might hear, consider, and determine the said motions; and the same having been heard on the day set, the Court made the following order:

"San Juan, Puerto Rico, August 30, 1931.

"The interposition of complainants in the suit giving rise to the present certiorari proceeding as interveners in said proceeding, is hereby confirmed; and on hearing the motion of the 6th of the instant August, the opposition thereto filed by the petitioners in said proceeding, and the argument of counsel for the respective parties, the Court, in view of the special circumstances existing in this case, clarifies its order of August 1, 1931, authorizing the issuance of the writ of

certiorari herein, in the sense that its aforesaid order has left things in the same status they had when our writ was served on the lower court, and therefore the order sought to be reviewed and the service of notice thereof on the defendants remain effective so long as the said order is not set aside upon a hearing and determination of the petition for certiorari herein; and it thus becomes unnecessary to pass upon the other subsidiary petitions of the interveners.''

Mr. Justice Wolf, Acting Chief Justice, dissented in so far as the Court failed to advance the hearing of the certiorari set for November. Mr. Chief Justice Del Toro and Mr. Justice Texidor took no part in the decision of this case.*

Mr. Justice Wolf, dissenting.

The Court in consultation arrived at the foregoing decision. Mr. Justice Hutchison thereafter proposed setting the certiorari for Monday August 17th, wherein the writer concurred. Mr. Justice Aldrey thought the Court had no power to hear anything not included in the call of the Governor and Mr. Justice Hutchison was unwilling to set the case with a divided Court acting. I dissent because the Court did not set the case for an early date. The hearing of this certiorari case was set for November 16th, 1931, because no return could formally be had before the Court closed its sessions. Under a special call of the Governor we were assembled to consider certain motions of the plaintiffs. While this call was limited to the consideration of the said motions it created a term of this Court wherein we are authorized to consider, as I understand the law, any case already submitted to it. *People ex rel. S. L. & T. Co.* v. *Supreme Court*, 220 N. Y. 487, 116 N. E. 384; *Matter of Reynolds* v. *Crapsey*, 241 N. Y. 389; *Saranac Land & Timber Co.* v. *Roberts*, 227 N. Y. 188, 125 N. E. 102; 15 C. J. 891. See also *Caldwell* v. *State*, 84 So. 272. This is true of the pending certiorari.

---

* Note.—The statement of facts which precedes the order above transcribed was prepared by the Reporter.

The case was set for November, but the return of the District Court of San Juan has been filed. We are thus, in my opinion, empowered to annul the previous setting of the case and give it a speedy hearing. In a certiorari proceeding where all the papers are before us it seems to me, assuming the power, the Court in a very important matter of this kind should proceed to a hearing.

All the matters here involved could be then settled by the Court as at present constituted and I think we ought to have proceeded to set the case.