(70 Misc. Rep. 183.)

PEOPLE v. WELZ.

(Supreme Court, Trial Term, Queens County. April, 1910.)

GRAND JURY (§ 34*)—INDICTMENT—POWERS OF ATTORNEY GENERAL.

Where the Attorney General is directed by the Governor to conduct before a grand jury charges growing out of the purchase of land by a city under authority given under Executive Law (Consol. Laws, c. 18) § 62, subd. 2, which limits the duties of the Attorney General in such proceedings to such as "shall be specified in such requirements," the Attorney General has no power, where an indictment is found against defendant under Penal Law (Consol. Laws, c. 40) § 810, for offering in evidence before such grand jury a document, which he knew to have been fraudulently altered, to sign such indictment.

[Ed. Note.—For other cases, see Grand Jury, Dec. Dig. § 34.*]

John Welz was indicted for crime and moves to set aside the indictment. Motion granted.

See, also, 112 N. Y. Supp. 326.

Ezra P. Prentice, Jacob Frank, and Henry B. Ketcham, Deputy Attys. Gen., and Frederick G. De Witt, Dist. Atty., for the People.

Thomas F. Magner, John F. Carew, and William Rasquin, Jr., for defendant.

CLARK, J.    Acting under the authority conferred upon him by the Laws of 1892, c. 683, § 52, as amended by the Laws of 1895, c. 821, § 2, now appearing as section 62, subd. 2, of the executive law (Consol. Laws, c. 18), the Governor of the state of New York required the Attorney General to manage and conduct, in person or by one of his deputies, any criminal actions or proceedings which might be taken before the grand jury of Queens county relating to any criminal charge arising, growing out of or based upon any purchase of land by the city for Kissena park.    By the law under which such requirement was issued by the Governor, the duties and powers of the Attorney General are limited to such actions or proceedings "as shall be specified in such requirement."    In order to fulfill the requirement of the Governor, the Attorney General appointed one Nathan Vidaver as Deputy Attorney General to manage and conduct the matters above specified.    Both the requirement of the Governor and the appointment by the Attorney General are, with respect to the purposes of the inquiry and to the powers conferred, expressed in the same phraseology.

Nathan Vidaver appeared before the grand jury of Queens county, under such appointment, and there duly conducted an examination; in the course of which the defendant, being called as a witness, offered in evidence a document which is charged in the indictment as having been to the knowledge of the defendant fraudulently altered.    After the giving of such testimony, the grand jury, under the management and conduct of the Deputy Attorney General, found this indictment, signed by the Attorney General, against the defendant, under section 810 of the Penal Law (Consol. Laws, c. 40).    There is no question that the

Governor had the right to require the investigation in question, subject to the statutory limitation of the investigation by the Attorney General to such matters as should be specified in such requirement, nor that the Attorney General duly deputized Nathan Vidaver, within such limitations, to manage and conduct such investigation.

The question therefore arises whether the investigation and indictment were respectively made and found within the scope of the requirement of the Governor. There is no allegation in the indictment, in words or by fair legal inference, that the defendant was in any way connected with the purchase of land for Kissena park, or that, before the consummation of the said purchase, he had directly or indirectly undertaken to do any act which could be construed as an act arising, growing out of, or based upon the purchase of the land. In the absence of any such allegation, the offer for which the defendant was indicted stands disconnected from any other acts arising out of the purchase which might form the basis of a criminal charge. The act of the defendant was at most collateral. It was without the scope of the investigation, not being within its expressed or legally inferable purposes.

Had there appeared in the indictment any intimation of a preconceived purpose on the part of the defendant, before the consummation of the purchase, to do any of the acts, with the commission of which he now stands charged, a different conclusion might have been reached.

The indictment is set aside.