THE PEOPLE OF THE STATE OF NEW YORK ex rel. VICTOR HAMWAY, Appellant, v. BERT TRUESDELL, Undersheriff of the County of Orange, N. Y., Respondent.— Order dismissing writ of habeas corpus affirmed, without costs. The facts as set forth in the stipulation are sufficient from which to infer that the alleged crime for which the relator was indicted was committed as an incident to and arising out of a condition involving acts of gambling and vice within the scope of the executive order, and it is, therefore, immaterial that the specific crime charged was committed subsequent to the making of such executive order. In any event, the grand jury was not without jurisdiction to return the indictment. It was possessed of the same powers and jurisdiction as are vested in a grand jury drawn at a regular term. (People ex rel. S. L. & T. Co. v. Supreme Court, 220 N. Y. 487, 491, 492; People ex rel. Luciano v. Murphy, 160 Misc. 573; Judiciary Law, § 153; Code Crim. Proc. §§ 226, 235.) If, in fact, there was an unauthorized person present during the session of the grand jury while the charge embraced in the indictment was under consideration, the relator is relegated to the remedy afforded pursuant to section 313 of the Code of Criminal Procedure. (People ex rel. Scharff

v. *Frost*, 198 N. Y. 110; *People ex rel. Childs* v. *Knott*, 228 id. 608.) Hagarty, Taylor and Close, JJ., concur; Lazansky, P. J., and Carswell, J., concur in the result.