THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOHN A. HOPKINS, Defendant.

Court of General Sessions of County of New York, February 28, 1944.

*Joseph J. Stern* for defendant.

*Nathaniel L. Goldstein, Attorney-General (Edward W. Scully* of counsel, on original argument; *Sidney F. Looker* of counsel, on reargument), for plaintiff.

BOHAN, J. This is an application by the defendant for an order vacating an order heretofore made approving the filing of an information against the defendant and for an order dismissing the information on the grounds that:

1. A person was improperly before the Grand Jury during its deliberations;

2. Also for insufficiency of the evidence before the Grand Jury.

This decision is solely based upon the claim by the defendant that a person was improperly before the Grand Jury.

The information charges the defendant with the crime of perjury in the second degree, in that it is alleged that the defendant, upon an occasion when an oath was required by law, gave false testimony under oath before Edward W. Scully, Special Assistant Attorney-General.

An examination of the minutes before the Grand Jury discloses the following facts relevant to the decision herein:

Edward W. Scully, as Special Assistant Attorney-General, appeared before the December, 1943, Grand Jury of New York County and offered in evidence a Proclamation of the Governor of the State of New York, dated the 30th day of July, 1943, issued pursuant to section 62 of the Executive Law, directing the Attorney-General to make an investigation of the New York State Police. The Governor thereafter called into existence an Extraordinary and Special Term of the Supreme Court, Dutchess County, and a Grand Jury therefor.

The defendant had thereafter been subpœnaed before Edward W. Scully, Special Assistant Attorney-General, was sworn and made the alleged false statements.

The Special Assistant Attorney-General appeared before the Grand Jury as a prosecutor and offered evidence to establish his authority to administer an oath and other witnesses to support the charge against the defendant.

The power and authority to appear before the grand jury are conferred only by statute. Sections 262, 263 and 264 of the Code of Criminal Procedure provide clearly that the only person authorized to appear before the grand jury is the district attorney, except where violations of the elective franchise are being investigated or prosecuted, in which case the attorney-general may appear.

In order for the attorney-general to appear before the grand jury in the prosecution of any other crime, there must be some specific constitutional or legislative authority to support such appearance. Such authority is specifically conferred, for example, by sections 347 and 358 of the General Business Law with relation to certain types of criminal investigations of monopolies and stock sales. The Tax Law and the Education Law also provide specific instances of the direct grant of authority to the attorney-general. However, none of the foregoing is involved in this case.

The only basis for action by the Attorney-General in this case must be the fact that the Governor directed the Attorney-

General, pursuant to section 62 of the Executive Law, to conduct certain investigations. The power of the Attorney-General, therefore, is limited to whatever authority is conferred by section 62. Careful examination discloses that subdivision 2 of section 62 authorizes the attorney-general, whenever required by the governor, to attend " any term of the supreme court for appear before the grand jury thereof for the purpose of managing and conducting in such court or before such jury such criminal actions or proceedings as shall be specified in such requirement ". The Governor's order was issued by its direct terms " pursuant to the provisions of section 62 of the Executive Law " and it specifically directed the Attorney-General to inquire into specific acts or omissions or violations of law described therein in detail.

The Governor also called into existence a specific term of the Supreme Court, Dutchess County, and a Grand Jury thereof before which specific subject matters of the Governor's direction to the Attorney-General were to be investigated and examined.

In other words, the latent power of the attorney-general to appear before a term of the Supreme Court and its grand jury is always in existence waiting upon the order of the governor calling it into action. This proposition was otherwise stated in *Matter of Cranford Material Corp.* (174 Misc. 154), as follows: " Section 62 of the Executive Law recognizes the existence of the power but states the conditions that must be present precedent to the exercise of the power."

Recent decisions of the court have clarified likewise the extent of the power which the attorney-general can exercise when acting under section 62 of the Executive Law. In the early case of *People* v. *Welz* (70 Misc. 183), the Attorney-General, upon the direction of the Governor, was examining into certain frauds in connection with the sale of public lands in Queens County. The indictment was dismissed upon the ground that the act of the defendant was outside the scope of the investigation and collateral thereto, not being within the expressed or conferred powers set forth in the Governor's order.

In *Ward Baking Co.* v. *Western Union Telegraph Co.* (205 App. Div. 723, 730), with reference to subdivision 8 of section 62 of the Executive Law, the court said: " It cannot be supposed that it was intended to invest the Attorney-General with the power and duty to conduct an investigation, wherever and whenever in any county of the State a crime had, in peace times, been committed by an individual."

In the very recent cases of *Matter of Cranford Material Corp.* (174 Misc. 154, *supra*) and *Matter of Turecamo Contr. Co., Inc.* (260 App. Div. 253) the court held that the Attorney-General was limited to a proper investigation of those matters which the Governor had specifically ordered him to consider.

In view of the foregoing, and in the light of the decisions hereafter mentioned, the appearance of the Attorney-General before the second December Grand Jury in New York County was unauthorized for two reasons:

First, because he did not appear before the Supreme Court Grand Jury specifically impanelled for the purposes set forth in the Executive Order; and, second, because the subject matter of the indictment was without the scope of the authority conferred upon him by the Governor.

With respect to the first reason, it is clear that subdivision 2 of section 62, the only subdivision of that section of the Executive Law referring to a grand jury, specifically requires the attorney-general to appear before " any term of the supreme court or   *   *   *   the grand jury thereof ".

It is true that the Executive Order of July 30th directs him to appear before " any grand jury and any term of any court having jurisdiction." This must be construed as meaning any term of the Supreme Court having jurisdiction, because the Governor has no power to enlarge the scope and authority of the Attorney-General beyond that which is fixed by law. No provision in the Constitution or statutes authorizes the governor to grant any power to the attorney-general. The duties, obligations and authority of the attorney-general are those specifically set forth by statutes. Section 62 is part of article 6 of the Executive Law which relates solely to the power of the attorney-general. As indicated in the *Cranford* case (174 Misc. 154, *supra*), the governor can call into active being the attorney-general's latent power, but he cannot extend that power by executive fiat.

With respect to the second reason, in *People* v. *Dorsey* (176 Misc. 932), the court held that the Attorney-General cannot prosecute for a perjury not specifically connected with the subject matter of his investigation. The court held that the indictment must be dismissed because of the unauthorized appearance of the Attorney-General.

That case is directly analogous to and a precedent for the matter before the court. There is nothing in the examination of the defendant which can lead to the belief that he was being examined in an effort to discover the violations referred to in

the Executive Order. There was nothing before the Grand Jury which would indicate either that the defendant had anything to do with the subject matter of the investigation or that the witnesses who testified against him were concerned therewith.

The special assistant was acting as a district attorney presenting proof of an untrue statement having nothing to do with this investigation, together with proof of its falsity. There is nothing in the record which will in any way indicate that the alleged perjury was committed while the matters set forth in the Executive Order were being investigated. Nor is it even inferentially suggested that the perjury complained of was incidental to or in any manner connected with any act, practice or transaction in perpetration of a violation of the subject matter of the Executive Order (see *People* v. *Dorsey,* 176 Misc. 932, *supra*).

The Special Assistant Attorney-General on the authorities cited herein could not properly appear before the regular New York County Grand Jury. Assuming, without conceding, that he could so appear before this Grand Jury, the Special Assistant Attorney-General could not properly present for consideration to the Grand Jury any testimony that would lead to an indictment for perjury unless he had first established before the Grand Jury that the perjury arose during the course of the investigation into matter set forth in the Executive Order. In other words, the Grand Jury minutes themselves must disclose that such a foundation has been laid before it could properly indict for perjury.

It must be pointed out that there has been no charge of breakdown in law enforcement by the office of the District Attorney of New York County. There is no claim that the Attorney-General has superseded the District Attorney of New York County in the prosecution of the crime of perjury, which is a routine criminal charge. In this case I find an improper arrogation to itself by the office of the Attorney-General.

The court's approval of the Grand Jury's direction was not made with knowledge of the lack of authority, and because of such appearance the order heretofore made approving the filing of an information against the defendant is vacated and the information is dismissed.

(On motion for reargument, March 21, 1944.)

Motion for reargument is heard and original decision dismissing the information is adhered to.