Arnold W. Proskin, J.
Defendants Dahms and Schaffer, moved this court, at a Special Term on March 27,1974, to have the Special Assistant Attorney-General appointed to prosecute the above-mentioned indictments in the County Court, County of Schoharie, declared disqualified from such prosecution.
The Special Assistant Attorney-General who is prosecuting these cases was appointed by Attorney-General Lefkowitz pursuant to an order of the Governor dated March 5,1974, pursuant to subdivision 2 of section 63 of the Executive Law which reads in pertinent part: * ‘ Whenever required by the governor, [the Attorney-General shall] attend in person, or by one of his deputies, any term of the supreme court * * * for the purpose *912 of managing and conducting in such court * # * proceedings as shall be specified in such requirement ”. The Governor’s order, promulgated pursuant to the above-cited section of the Executive Law, specifically appoints the Attorney-General to attend “ a criminal term of the County Court, to be held in and for the County of Schoharie ” to prosecute the indictments before that court.
The issue before the court is whether the Special Assistant Attorney-General has standing to prosecute the above-named defendants in Schoharie County Court.
The leading case on this question is People v. Hopkins (182 Misc. 313). In that case the Governor had ordered the Attorney-General to appear before a Grand Jury in New York County to prosecute an investigation of the State Police. The defendant was charged with perjury and moved to dismiss the indictment upon the ground that an unauthorized person had been in the Grand Jury room. In granting the defendant’s motion the court held (pp. 315-316): “In order for the attorney-general to appear before the grand jury in the prosecution of any other crime [other than an election case], there must be some specific constitutional or legislative authority to support such appearance * * * The only basis for action by the Attorney-General in this case must be the fact that the Governor directed the Attorney-General, pursuant to section 62 of the Executive Law [now § 63], to conduct certain investigations * * * In other words, the latent power of the attorney-general to appear before a term of the Supreme Court and its grand jury is always in existence waiting upon the order of the governor calling it into action. This proposition was otherwise stated in Matter of Cranford Material Corp., (174 Misc. 154), as follows: ‘ Section 62 of the Executive Law recognizes the existence of the power but states the conditions that must be present precedent to the exercise of the power.’ ”
The court further specified (p. 317), as to the relationship between the Governor and the Attorney-General: “ the Governor has no power to enlarge the scope and authority of the Attorney-General beyond that which is fixed by law. No provision in the Constitution or statutes authorizes the governor to grant any power to the attorney-general. The duties, obligations and authority of the attorney-general are those specifically set forth by statutes * * * The governor can call into active being the attorney-general’s latent power, but he cannot extend that power by executive fiat.”
*913 In Matter of Cranford Material Corp. (174 Misc. 154, 155, affd. in Matter of Turecamo Constr. Co., 260 App. Div. 253), the court surveyed the nature and extent of the powers of the Attorney-General in criminal prosecutions and found: ‘1 When the Governor requisitions the Attorney-General to enter into a county, he calls for the exercise by that official of a power given by the Legislature to the office of Attorney-General to prosecute crime * * * No general act takes from the office of Attorney-General power to prosecute crime. Section 62 [now 63] of the Executive Law recognizes the existence of the power but states conditions that must be present precedent to the ¡exercise of the power.”
The above-cited cases are still the law of the State of New York and hold, without equivocation, that while the inherent powers of the Attorney-General which predate the New York State Constitution, include power to prosecute any criminal offense an any court, those powers have been specifically restricted by legislative enactments so that those powers may be exercised only when the conditions precedent as described in the legislation are fulfilled. (See Matter of Turecamo, 260 App. Div. 253, supra); People v. Hopkins, 182 Misc. 313; People v. Dorsey, 176 Misc. 932.)
The case law and restrictions of the Executive Law mandate that the court relieve the Special Assistant Attorney-General of any further prosecutorial responsibilities with regard to the indictments against the defendants presently "being prosecuted in the County Court of Schoharie County.
In connection with this motion, the court has addressed itself to the problems posed in obtaining a prosecutor to replace the District Attorney of Schoharie County who has been disqualified in this case, and of appointing a Special District Attorney pursuant to section 701 of the County Law. The County Court has the authority to remove indictments to the Supreme Court for trial. (“ Upon order of an appropriate court or judge, made at its or Ms own instance pursuant to rules established by the appellate division of the appropriate department * * * (b)an indictment filed in a county court may * * * be removed to the supreme court at a term held or to be held in the same county ”. CPL 230.10.) The Appellate Division, Third Judicial Department, has established the following rule pursuant to the Criminal Procedure Law. “ (a) The County Court may try any indictment found in the Supreme Court which has been removed to the County Court for trial.
*914 “ (b) By order entered in its minutes, the County Court may remove an indictment pending therein to a term of the Supreme Court to be determined according to law ” (22 NYCRR 1302.8 [a], [b]).
The court, pursuant to the above-cited statute and rules of the Third Department promulgated thereunder, hereby directs that the indictments presently pending before it, having been transferred from the Supreme Court, be returned to the Supreme Court, Schoharie County, for determination.