Memorandum. The court affirms on the memorandum at the Appellate Division with the added comment as to the second count of the indictment that the purported corroboration required under section 210.50 of the Penal Law was insufficient. The purported corroboration related to an inference drawn by defendant in his 1973 Grand Jury testimony regarding who-was present at a 1966 meeting.* That inference, it eventuated, from the testimony of the corroborating witness, was an incorrect inference. Perjury depends upon a false assertion, not upon an inference stated to be such and which turns out to be incorrect. The testimony of the corroborating witness tended to establish that defendant incorrectly inferred who had been at the meeting, but did not corroborate, as required by law, the testimony of the other witness denying that any meeting had ever taken place.

 Defendant’s relevant testimony reads as follows:
“A. Well, when we got there, I said I want to talk to Cahn. They said Cahn is on vacation.
“ Q. You said you wanted to speak to District Attorney Cahn?
“A. That’s right, but Cahn was on vacation and Devine was in charge.
“ Q. Was Mr. Márchese present?
“A. He could have been. I don’t recall. If he was the District Attorney that was in the case, then he would be the one. If he wasn’t, I don’t know who —
“ Q. He was the District Attorney—
“ A. Every day we would have a different District Attorney, or every week.” The former Assistant District Attorney testified as follows:
“ Q. Judge Márchese, throughout this plea bargaining stage and the sentencing and so on, were you the only trial assistant who was handling this particular ease?
“A. No. This case had gone through a number of hands.
“ Q. If I may rephrase that, when it was in front of Judge Rinaldi.
“ A. Yes, I was the only trial assistant.”