## (November 12, 1974)

■ In the Matter of FRED G. MORITT, Petitioner, v. MAURICE H. NADJARI, as Deputy Attorney-General, et al., Respondents.— In this case in which the defendant has been indicted for conspiracy, grand larceny, perjury and tampering with a witness by a Grand Jury empaneled for an Extraordinary Special and Trial Term appointed by executive order pursuant to subdivision 1 of section 149 of the Judiciary Law, he moves in this court, by permission granted pursuant to subdivision 2 of the same section, to dismiss the indictment. The motion is denied.* The Special Prosecutor who presented the facts to the Grand Jury was appointed pursuant to Executive Order No. 58 (9 NYCRR 1.58) signed by the then Governor Rockefeller. That order was thereafter ratified by Executive Order No. 1 (9 NYCRR 2.1) made by Governor Wilson. Insofar as here pertinent Executive Order No. 58 (in art. I, subd. [a] thereof) gives superseder jurisdiction to the Special Prosecutor vis-à-vis the District Attorneys in the five counties of New York City over "any and all corrupt acts and omissions by a public servant * * * in violation of any provision of State or local law and arising out of, relating to or in any way connected with the enforcement of law or administration of criminal justice in the City of New York." It may not be doubted that the indictment alleges corrupt acts by a public

---

* Since the application is one to dismiss the indictment, and not for an order pursuant to article 78 of the CPLR, the moving papers should have been entitled "People of the State of New York v. Fred G. Moritt." No one has raised the question, however, and we have dealt with the application on the merits.

servant in violation of 'State law. However, the question is whether those acts relate to or concern "the enforcement of law or administration of criminal justice in the City of New York." The defendant is a Judge of the Civil Court of the City of New York and it is his contention that the allegations in the indictment that he employed a "no show" law secretary and then diverted the latter's city salary to his own benefit have nothing to do with corruption in "the enforcement of law or administration of criminal justice in the City of New York." We do not so narrowly construe the power conferred upon the Special Prosecutor by the executive orders in question. So far as here pertinent the operative words are violations by a public servant "arising out of, relating to or in any way connected with the enforcement of law." Clearly, the Special Prosecutor would not be authorized under his grant of power to prosecute the defendant for any acts committed by him in *violation* of law just because he happened to be a Judge. For instance, such violations of law as speeding or reckless driving or driving while intoxicated or numerous other criminal violations of law which could readily be cited would not come within the purview of the Special Prosecutor's jurisdiction because they were acts performed by the Judge in his individual capacity and not as a Judge. However, in the instant case it is alleged that what the Judge did was done in his *capacity as a public servant*. Under the circumstances, and while the words of the order — "enforcement of law" — must be more narrowly construed and are more limited in scope than if the order provided a grant of power to proceed on any *violation* of law, they are, prima facie, sufficiently broad in the context of this case to sustain the Special Prosecutor's jurisdiction. In connection with the substantive attack made on the various counts of the indictment, we have examined the Grand Jury minutes. While the theory underlying the charge of grand larceny is thin and the proof in regard thereto quite tenuous, they are nevertheless sufficient to require a denial of the defendant's motion to dismiss. We have considered the other contentions raised by the defendant and find them to be without merit. Gulotta, P. J., Shapiro, Christ, Brennan and Munder, JJ., concur.