■ In the Matter of PHILIP DONDI, Petitioner, v HOWARD A. JONES, as Justice of the Extraordinary Special and Trial Term of the Supreme Court of the State of New York, County of Queens, et al., Respondents.—Proceeding pursuant to CPLR article 78 to prohibit respondents from taking any further proceedings against petitioner under Indictment SPO Q 24/1974. Petition granted and indictment dismissed, without costs or disbursements. Petitioner, an attorney, is charged, pursuant to an indictment obtained by the respondent Special Prosecutor, with bribery in the second degree and bribing a witness. It is alleged that petitioner was retained to represent a certain individual in a personal injury action which resulted from an automobile accident. The accident was investigated by Police Officer James Gaughan, among others. Gaughan subsequently filed an official police accident report. It is further alleged that petitioner offered Gaughan a sum of money to change his testimony in the civil action so that it would be favorable to petitioner's client. Gaughan refused and apparently reported the bribe offer to the office of the Special Prosecutor. Thereafter, and acting in co-operation with the Special Prosecutor's office, Gaughan met with petitioner again and accepted the proffered money. Petitioner urges that the Special Prosecutor has exceeded his jurisdiction in prosecuting him upon these allegations. The jurisdictional authority of the Special Prosecutor is contained in Executive Order No. 57 (9 NYCRR 1.57). The pertinent provision, paragraph (b) of section I, reads: "(b) any and all acts and omissions and alleged acts and omissions by any person occurring heretofore or hereafter in the County of Queens in violation of any provision of State or local law and arising out of, relating to or in any way connected with corrupt acts or omissions by a public servant or former public servant arising out of, relating to or in any way connected with the enforcement of law or administration of criminal justice in the City of New York". Petitioner contends that the Special Prosecutor is without jurisdiction to prosecute him pursuant to paragraph (b) because this case does not involve any "corrupt acts or omissions by a public servant" in that the public servant (the police officer) was merely feigning his willingness to be corrupted. It is asserted that paragraph (b) would permit the Special Prosecutor to prosecute persons who are not themselves public servants only when such person's conduct arises out of, or relates to, corrupt acts committed by public servants. Petitioner previously moved to dismiss the indictment on the above-stated jurisdictional grounds. The late Mr. Justice MURTAGH denied the motion on February 6, 1975. Petitioner thereafter moved to reargue. Mr. Justice MURTAGH granted reargument, but adhered to his original determination, with leave to again move for reargument upon the trial. In his second decision, dated December 19, 1975, the Judge stated: "This Court has decided similar motions in other such cases adversely to the defendants involved but confesses a growing lack of conviction of the correctness of the rulings. The ambiguity of the language of the executive order is such as to permit a ruling to either effect." Petitioner thereafter again moved to dismiss, that time before respondent Judge JONES, who is scheduled to try the case on April 5, 1976. After Judge JONES denied the motion on February 20, 1976, petitioner commenced the present proceeding. The Special Prosecutor initially argues that the claims raised by petitioner are not cognizable in a proceeding for a writ of prohibition. Specifically, it is asserted that it cannot be said that the Extraordinary Term of the Supreme Court is acting without or in excess of its jurisdiction in presiding at the

trial of the challenged indictment, because "once established, an extraordinary term becomes merely an additional term of the Supreme Court and has the 'same jurisdiction that belongs to any other term.' *(Saranac Land and Timber Co. v. Roberts,* 227 N.Y. 188, 191 [1919])". Moreover, it is argued that the authority of the Special Prosecutor to present a case to the Grand Jury may only be attacked by a motion to dismiss the indictment. Accordingly, it is urged that this court not entertain this collateral article 78 proceeding, especially as the petitioner has previously moved to dismiss the indictment, and thereby preserved the issue for a possible appeal. The Special Prosecutor also notes that the petitioner could have sought immediate review of his claims by direct motion to this court pursuant to subdivision 2 of section 149 of the Judiciary Law, and that, by failing to do so, he elected his remedy and should not be permitted to revive it by means of a collateral proceeding. The Special Prosecutor additionally argues, on the merits, that the Grand Jury had the authority to indict the petitioner pursuant to paragraph (b) of section I of Executive Order 57 because (1) that paragraph provides jurisdiction to indict a private citizen who engages in any act which relates to the corruption of a public servant, and there is no requirement that the public servant be corrupt, in fact, and (2) paragraph (b) directs itself to acts in violation of the law "arising out of, relating to or in any way connected with the enforcement of law or administration of criminal justice in the City of New York", and the present case, he alleges, is clearly connected with the enforcement of law in the City of New York. The writ of prohibition is an extraordinary remedy. The Court of Appeals, in the recent case of *La Rocca v Lane* (37 NY2d 575, 578–580) enunciated the pertinent rules to be applied: "It is well settled, and has been restated many times, that prohibition is available both to restrain an unwarranted assumption of jurisdiction and to prevent a court from exceeding its authorized powers in a proceeding over which it has jurisdiction * * *. The extraordinary remedy of prohibition is never available merely to correct or prevent trial errors of substantive law or procedure, however grievous * * *. The orderly administration of justice requires that correction of litigation errors merely be left to the ordinary channels of appeal or review. Otherwise one would erect an additional avenue of judicial scrutiny in a collateral proceeding and thus frustrate the statutory or even constitutional limits on review * * *. If, however, a court acts without jurisdiction, or acts or threatens to act in excess of its powers, other principles are applicable. Prohibition is not mandatory, but may issue in the sound discretion of the court * * *. In exercising this discretion, a number of factors should be considered. The gravity of the harm which would be caused by an excess of power is an important factor to be weighed * * *. Also important, but not controlling, is whether the excess of power can be adequately corrected on appeal or by other ordinary proceedings at law or in equity * * *. If an adequate remedy is available, the burdening of judicial process with collateral proceedings, interruptive of the orderly administration of justice, would be unjustified. If, however, appeal or other proceedings would be inadequate to prevent the harm, and prohibition would furnish a more complete and efficacious remedy, it may be used even though other methods of redress are technically available". We hold that the extraordinary writ of prohibition is appropriate in the instant matter. Although the Special Prosecutor contends that petitioner may always raise the issues presented herein on an appeal from any judgment of conviction, a clear-cut question of the jurisdiction of the Special Prosecutor is presented and we see no reason why petitioner should have to await a possible conviction in order to vindicate his position,

particularly since he is an attorney who would be automatically disbarred upon conviction herein. It is undisputed that petitioner does not fall within the definition of a "public servant" (9 NYCRR 1.55, 1.57). The police officer who feigned acceptance of a bribe clearly is such a "public servant". However, the alleged bribe was not "connected with corrupt acts or omissions by a public servant", since the officer initially refused the bribe offer and properly reported the alleged incident. In other words, the police officer committed no corrupt act. Further, the alleged transaction was in no way connected with the enforcement of law or with the administration of criminal justice in the City of New York, as the alleged bribe was offered to affect testimony in a purely civil personal injury action. Our recent decision in *Matter of Vitale v Murtagh* (51 AD2d 1107), wherein a writ of prohibition upon a similar jurisdictional claim was denied, is distinguishable. There, the record raised a factual question as to whether the crimes alleged in the indictment arose from the petitioner's misconduct as a public servant. The case of *Matter of Moritt v Nadjari* (46 AD2d 784, 785) is also distinguishable as the acts allegedly committed by the petitioner therein had allegedly been committed in his *"capacity as a public servant".* The instant matter clearly falls within the jurisdiction of the District Attorney of Queens County and not that of the Special Prosecutor. Hence, the writ should be granted and the indictment dismissed. Latham, Acting P. J., Margett, Damiani and Hawkins, JJ., concur.