Leon B. Polsky, J.
Relying upon the recent Appellate Division decision in Matter of Dondi v Jones (52 AD2d 571), the defendant, some 17 months after arraignment on the indictment, moves for the reinspection of the Grand Jury minutes and the dismissal of the indictment on the grounds that "the office of the Special State Prosecutor acted in excess of its jurisdiction in bringing the instant indictment” and that "the *426 Extraordinary and Special Grand Jury exceeded its jurisdiction by considering and voting an indictment in this case”.
As reflected by the indictment, the Grand Jury minutes, the pretrial discovery and bill of particulars, this case involves a charge of bribery arising out of the defendant’s alleged payment to an undercover police officer who, feigning complicity, agreed to corruptly obtain and return certain records previously seized by the police.
In Dondi the Appellate Division, Second Department, indicated that the executive orders giving superseding jurisdiction to the Attorney-General and establishing Extraordinary Terms of the Supreme Court did not encompass corrupt acts by nonpublic servants attempting to corrupt public servants. A review of the 50 cases assigned to this court from the Extraordinary Term by the late Justice Murtagh shows that 20 of those cases involve bribe offers and payments to undercover police officers by nonpublic servants. Under Dondi all these cases would be subject to dismissal.[1]
Of these 20 cases, 15 have been disposed of by guilty pleas, and 5, including that of the movant Marsala, are either at the final stage of plea negotiation or marked for trial.
What is generally referred to as the office of the Special State Prosecutor was formally established by five executive orders made by the then Governor Rockefeller in September, 1972. The substance and effect of these orders — one for each county in the City of New York — was that the Attorney-General and his deputies were given superseding authority to investigate and prosecute specified kinds of corrupt acts and omissions which otherwise would have been handled by the county District Attorney. The executive orders also authorized the Special State Prosecutor to appear in matters concerning or relating to such corrupt acts before the Grand Juries of Extraordinary Terms to be appointed by the Governor and any other Grand Juries of the county.
The following month, in five parallel executive orders, the Governor appointed Extraordinary Special and Trial Terms of the Supreme Court for each of the five New York City counties and designated the late Justice Murtagh to preside over *427 the terms. These orders authorized the impaneling of Grand Juries by the Justice presiding and directed the Extraordinary Terms to continue so long as necessary for the conduct of matters within the scope of the earlier executive orders.
The defendant’s contention relating to the jurisdiction of the Grand Jury is based upon the theory that the Grand Jury convened and supervised by the Justice presiding at the Extraordinary Term is jurisdictionally limited to matters falling within the scope of the authority given the Attorney-General. The law is to the contrary. It is true that there is an intimate relationship between the orders creating the office of the Special Prosecutor and those creating the Extraordinary Terms and authorizing the Justice presiding to convene Grand Juries.[2] However, the executive order does not purport to limit the jurisdiction of either the term of court or the Grand Jury impaneled by the Justice presiding over the term. In law, no such restriction could be validly imposed by the Governor (People ex rel. Saranac Land & Timber Co. v Extraordinary Special & Trial Term of Supreme Ct., 220 NY 487). While the Extraordinary Term may owe its existence to the executive order, once created it derives its powers from statutes and the Constitution as a term of the Supreme Court (Matter of Reynolds v Cropsey, 241 NY 389) and a Grand Jury impaneled by an Extraordinary Term has all the power and authority of a Grand Jury impaneled by any other term of the Supreme Court (People ex rel. Ham way v Truesdell, 261 App Div 824). Here the Grand Jury was a Grand Jury of the County of Kings, and it could hear, investigate and indict upon any matter which could properly come before any other Kings County Grand Jury.
The only case which seems to indicate that a Grand Jury of an Extraordinary Term is jurisdictionally limited by the executive order creating the term is People v Doe (247 App Div 324, affd 272 NY 473). The dicta to that effect in the Appellate Division opinion was not followed by the same court several years later (People ex rel. Hamway v Truesdell, supra) and is inconsistent with Saranac Land & Timber (supra) and Reynolds v Cropsey (supra).
Accordingly, I find the Grand Jury had jurisdiction to present the indictment.
This does not end the matter, for if the case was not within *428 the terms of the September executive order, as amended, then the Attorney-General did not have superseding authority and could not supplant the District Attorney of the county. As it relates to the indictment, the legal effect of such a lack of authority would be a "defect” in the Grand Jury proceedings arising from the presence of an unauthorized person before that body (CPL 190.25, subd 3; see People v Rallo, 46 AD2d 518, affd 39 NY2d 217). If the defendant were to prevail on the merits of such a motion, made pursuant to CPL 210.20 (subd 1, par [c]) and CPL 210.35, he would be entitled to the dismissal of the indictment (People v Minet, 296 NY 315; Matter of Dondi v Jones, supra).
I do not believe that I am required, or, in the interest of justice should entertain the application on its merits.
Although the present motion is couched in terms seeking reargument of the motions to inspect and dismiss, made as part of the earlier omnibus motions, those prior motions contained nothing remotely resembling the challenge now made. This challenge, 17 months and 20 calendar appearances after arraignment, is based on facts long known to the defense (cf. People v Minet, supra). This court is generally reluctant to rigorously enforce the forfeitures provided in CPL article 255; however, the claim asserted here goes to no matter of defense on the merits or basic rights of the defendant. At best, the defendant’s interest in who presents the case to the Grand Jury relates to whether an elected county official or an elected State official (or their assistants) exercises the initial discretion as to whether to prosecute or not. This lately aroused interest is far outweighed by the public interest, in part expressed by CPL article 255, which looks to the prompt disposition of criminal cases.
Therefore, I refuse to consider the motion on the merits and it is denied as untimely.

. In Dondi, the Appellate Division noted (p 573): "Further, the alleged transaction was in no way connected with the enforcement of law or with the administration of criminal justice * * * as the alleged bribe was offered to affect testimony [of a police officer] in a purely civil personal injury action.” If this language was crucial to the court’s holding, then Dondi would have no application to this case.

. It would appear that an Extraordinary Term may impanel a Grand Jury without a Governor’s authorization (see CPL 190.10).