THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v S. SAMUEL DI FALCO, Defendant.

First Department, November 4, 1976

*Joseph J. Marcheso (Philip M. Kazin* with him on the brief), for defendant.

*John F. Keenan, Deputy Attorney-General, Special State Prosecutor (Michael D. Brown* and *Marcy L. Kahn* with him on the brief), for plaintiff.

*Per Curiam.* The Special State Prosecutor's office has obtained a two-count indictment from the Grand Jury of the Extraordinary Special and Trial Term of New York County charging defendant with official misconduct and conspiracy to commit official misconduct. After a grant of permission, the defendant has moved before this court (under Judiciary Law, § 149, subd 2) to dismiss the indictment.

The motion was made on the ground that the Special Prosecutor, under the warrant granted him by the Governor (Executive Order No. 55, 9 NYCRR 1.55, 2.1, 3.1) does not possess the jurisdiction to investigate or prosecute this matter since it does not involve corrupt acts by public officials relating to the enforcement of law or the administration of criminal justice, or, in the alternative, on the ground that the Grand Jury proceedings were defective because the Special Prosecutor was a person unauthorized to be in its presence. The Special Prosecutor concedes that the instant indictment is not a proper matter for him to prosecute since the corrupt acts charged do not relate to the enforcement of law or the administration of criminal justice, but he would have us deny the relief sought and transfer the indictment itself for prosecution by the District Attorney of New York County. He argues that this is mandated by *Matter of Dondi v Jones* (40 NY2d 8). We cannot agree.

Prior to the *Dondi* decision in the Court of Appeals, this court granted a Judiciary Law motion to dismiss an indictment obtained by the Special Prosecutor, holding that he did not have jurisdiction over transgressions unrelated to the enforcement of law or the administration of criminal justice *(People v Sam,* 49 AD2d 732). In *Dondi* the indictment was beyond the jurisdiction of the Special Prosecutor. The defendant there moved to dismiss before Justice MURTAGH, presiding over the Grand Jury of the Extraordinary Special and Trial Term, and he denied the motion. Justice MURTAGH denied a motion for reargument but granted leave for a motion to

dismiss *de novo* before the Trial Justice. When the latter denied such a motion, *Dondi* brought an article 78 proceeding seeking to prohibit both the Special Prosecutor and the Trial Justice from further action.

We stress that *Dondi* did not seek dismissal of the indictment and, when the Appellate Division (52 AD2d 571) granted the petition and dismissed the indictment, the Court of Appeals held the latter action an abuse of discretion. It granted the petition but transferred the indictment to the proper prosecutor.

In the Court of Appeals the primary concern in *Dondi* was whether prohibition should lie—a question not presented here. The majority held that it should, noting that, while the Judiciary Law provides for a motion to dismiss before the Appellate Division of which Dondi had not availed himself, he would have been precluded from this remedy by the denials of his prior motions to dismiss. It follows therefore that had Dondi not made the prior motions his failure to move before the Appellate Division would have precluded prohibition.

Why would the Court of Appeals relegate a defendant to a motion to dismiss an indictment if it intended that the indictment could not be dismissed but only transferred? For several reasons we find that it was intended that the Appellate Division should dismiss the indictment with the matter then being transferred to the appropriate prosecutor.

First, although *People v Sam* (49 AD2d 732, *supra)* was cited by the Court of Appeals in *Dondi* in a different context, the dismissal of the indictment therein by the Appellate Division was not criticized.

The second reason involves the contending arguments here. The defendant claims that he is presenting a ground for dismissal that was not advanced in *Dondi,* i.e., that the Special Prosecutor was not a person authorized by law to attend upon a Grand Jury returning such an indictment. The opposing argument is that the Court of Appeals impliedly considered this and found that while it might infect the person of the Special Prosecutor it could not be a ground to dismiss an indictment found by a Grand Jury lawfully constituted as an arm of the Supreme Court.

We find no implied consideration of this lack of authorization in the Court of Appeals holding that the indictment itself should be transferred. That relief rested, not upon implications, but upon the simple fact that *Dondi* was an article 78

proceeding in which dismissal was not sought. That there was no such implied consideration finds emphasis in the dissenting opinion of Chief Judge BREITEL in *Dondi,* an opinion that also points out the path we must take. This is a minority view only in the sense that it objected to the grant of prohibition. It projects an efficacious procedure when prohibition is not involved.

With respect to a motion to dismiss under the Judiciary Law, Chief Judge BREITEL stated (40 NY2d 8, 25-26), "Such a motion could have been entertained, as a direct, forthright, and unambiguous remedy, upon the ground that the Special Prosecutor was not a proper person before the Grand Jury and thus the Grand Jury proceedings were defective [omitting statute and case citations]. If such a motion were successful, the matter could have been resubmitted to another Grand Jury or, more likely in this case, transferred to the appropriate prosecutor [omitting statute and case citations]".

It would have been pointless to have suggested that a motion to dismiss could be entertained if it was intended that such a motion could not be granted. Chief Judge BREITEL's suggestion of "the ground that the Special Prosecutor was not a proper person before the Grand Jury" is a refutation that that ground was impliedly considered. In his use of "If such a motion were successful, the matter could have been resubmitted to another Grand Jury or, more likely in this case, transferred to the appropriate prosecutor", "successful" can only mean dismissal. Denial of dismissal would be failure. Had Chief Judge BREITEL meant that, then his follow-up clause for resubmission to another Grand Jury would be senseless and he would have stated that the "indictment" could be transferred. Instead he used the word "matter".

Finally, to fail to dismiss would enable the Special Prosecutor, although unauthorized by his gubernatorial warrant, to obtain indictments and hand them over for prosecution by the District Attorney, the only person authorized by law to investigate the matters in the first place. This procedure would deprive the District Attorney of the rights and obligations he and only he has and his office would be reduced to a trial arm of a Special Prosecutor unfettered by limitations on his authority.

Accordingly, we hold that the Special Prosecutor was not a proper person before this Grand Jury with respect to the charges contained in this indictment (CPL 190.25, subd 3);

that the indictment must be dismissed (CPL 210.20, subd 1, par [c]; 210.35, subd 5). Since the Grand Jury proceeding was defective "the court may, upon application of the people, in its discretion authorize the people to submit the charge or charges to the same or another grand jury. * * * In the absence of authorization to resubmit, the order of dismissal constitutes a bar to any further prosecution of such charge or charges" (CPL 210.20, subd 4).

The defendant's motion under subdivision 2 of section 149 of the Judiciary Law made after a grant of permission, to dismiss the indictment of the Grand Jury of the Extraordinary Special and Trial Term of New York County, charging him with official misconduct and conspiracy to commit official misconduct (Penal Law, arts 195, 105) is granted, the indictment dismissed and the matter transferred to the District Attorney of New York County with leave granted him to make application to this court, within his discretion, for authorization to submit these charges to another Grand Jury.

STEVENS, P. J., MARKEWICH, LANE, NUNEZ and LYNCH, JJ., concur.

Motion, pursuant to subdivision 2 of section 149 of the Judiciary Law granted, the indictment dismissed and the matter transferred to the District Attorney of New York County, with leave granted to the District Attorney to make application to this court, within his discretion, for authorization to submit these charges to another Grand Jury.