OPINION OF THE COURT

Per Curiam.

The Special State Prosecutor obtained a two-count indictment from the Grand Jury of the Extraordinary Special and Trial Term of New York County accusing defendant of the misdemeanors of (1) official misconduct and (2) conspiracy to commit official misconduct. The defendant moved in the Appellate Division pursuant to subdivision 2 of section 149 of the *485 Judiciary Law, to dismiss the indictment on the ground that the Special Prosecutor lacked jurisdiction to investigate or prosecute this matter since it does not involve corrupt acts by public officials relating to the enforcement of law or the administration of criminal justice, or, in the alternative, on the ground that the Grand Jury proceedings were defective since the Special Prosecutor was a person unauthorized to be in its presence. Holding that the Special Prosecutor was not a proper person before this Grand Jury, the Appellate Division dismissed the indictment and transferred the matter to the District Attorney of New York County with leave to apply for permission to submit the charges to another Grand Jury. We affirm.
The basic issue on this appeal is whether the presence of an unauthorized prosecutor before a Grand Jury is sufficiently likely to result in prejudice to the defendant that dismissal of the indictment is appropriate. We find that the crucial nature of the prosecutor’s role vis-á-vis the Grand Jury, particularly in view of his discretionary authority, mandates a finding that prejudice to the defendant is likely to result from the presence of an unauthorized prosecutor before the Grand Jury.
In any matter pending before an Extraordinary Special or Trial Term, subdivision 2 of section 149 of the Judiciary Law authorizes a defendant to move the Appellate Division to dismiss the indictment* (see People v Sam, 49 AD2d 732; Matter of Moritt v Nadjari, 46 AD2d 784) upon proper grounds under the Criminal Procedure Law. An indictment may be dismissed where the Grand Jury proceedings are defective (CPL 210.20, subd 1, par [c]) in that they fail "to conform to the requirements of article one hundred ninety to such degree that the integrity thereof is impaired and prejudice to the defendant may result” (CPL 210.35, subd 5). Pursuant to article 190 only authorized persons may be present during Grand Jury proceedings (CPL 190.25, subd 3).
The Special Prosecutor concedes that he lacked jurisdiction to prosecute the matter covered by the indictment because his grant of authority (Executive Order 55 [9 NYCRR 1.55]) is limited to those cases dealing with corruption relating strictly to the criminal justice process and does not embrace *486 the judicial system in general or the civil justice system in particular (Matter of Dondi v Jones, 40 NY2d 8, 18-19). Because the instant matter involves only the civil justice system, appellant. was completely without authority to act. The Special Prosecutor, as an arm of the Attorney-General, requires specific authority to appear before the Grand Jury (see People v Rallo, 39 NY2d 217, 221-223; People v Dorsey, 176 Misc 932, 942; People v Welz, 70 Misc 183). Simply stated, where a prosecutor lacks the requisite authority he is not a proper person before the Grand Jury and those proceedings conducted by him before the Grand Jury are defective.
The Special Prosecutor, lacking the necessary jurisdictional authority, was clearly an unauthorized person before the Grand Jury, but he nonetheless contends that dismissal is inappropriate. Before a dismissal may be granted, a defect in the Grand Jury proceedings must operate to impair the integrity of the proceedings and potentially prejudice the defendant (CPL 210.35, subd 5) and the appellant argues that his presence neither offended the Grand Jury’s integrity nor created a possibility of prejudice to the defendant. It is also urged that before granting a dismissal of the indictment the Appellate Division should have reviewed the Grand Jury minutes to determine whether anything occurred which might have created the possibility of prejudice, and that if nothing unusual is found the motion should be denied.
In determining whether the presence of an unauthorized prosecutor may create a possibility of prejudice, it is necessary to consider the role of a prosecutor before the Grand Jury. Generally, the District Attorney is the prosecutorial officer with the responsibility to conduct all prosecutions for crimes and offenses cognizable by the courts of the county in which he serves (County Law, § 700, subd 1). The District Attorney has broad discretion in determining when and in what manner to prosecute a suspected offender (see United States v Lovasco, 431 US 783; People v Bowman, 88 Misc 2d 50; Pitler, New York Criminal Practice under CPL, § 5.27, p 267; see, also, People v Harding, 44 AD2d 800). When the alleged activity constitutes a misdemeanor, as in the case before us, he has complete discretion to determine whether available evidence should be submitted to a Grand Jury (CPL 190.55, subd 2, par [c]) or, perhaps, to bypass the Grand Jury and have an accusatory instrument filed. During the actual proceedings, the legal adviser of the Grand Jury is the District *487 Attorney and legal advice from any other source is improper (CPL 190.25, subd 6; see Matter of Hynes v Moskowitz, 44 NY2d 383. The District Attorney determines the competency of witnesses to testify (CPL 190.30, subd 5), and must instruct the jury on the legal significance of the evidence (CPL 190.30, subd 6). He, in effect, determines what witnesses to present to that body and who should be excluded. These duties and powers, bestowed upon the District Attorney by law, vest that official with substantial control over the Grand Jury proceedings, requiring the exercise of completely impartial judgment and discretion.
 Given the breadth and importance of the duties placed upon the District Attorney in Grand Jury proceedings, it is no small matter when another acts in this capacity. In certain specifically authorized areas, a special prosecutor may so act, but the powers and duties imposed by law upon the District Attorney, that require the exercise of judgment and discretion in their performance, cannot be delegated to another without express legislative authority. When an improper person presents evidence to the Grand jury, he has in essence substituted his judgment and decisions for those of the duly authorized District Attorney. In such a situation the integrity of the Grand Jury has been impaired for it is the sound theory and policy of our criminal procedure that only the regularly constituted officials upon whom the law devolves the power, may officiate in aid of the Grand Jury (People v Tru-Sport Pub. Co., 160 Misc 628, 636). Likewise the imposition upon the duties and responsibilities of the District Attorney by the presence of an unauthorized prosecutor is such that there exists considerable likelihood of prejudice to the defendant. Indeed, the District Attorney may choose not to pursue the matter at all.
 Subdivision 2 of section 313 of the former Code of Criminal Procedure provided for automatic dismissal of the indictment when an unauthorized person appeared before the Grand Jury (People v Minet, 296 NY 315). As originally drafted the Criminal Procedure Law required a showing of actual prejudice before an indictment could be dismissed as the result of defective Grand Jury proceedings (see Proposed CPL 110.40, subd a, par [e] [1967]; Pitler, New York Criminal Practice Under CPL, § 8.6, p 161 of 1976 Cumulative Supplement), but as enacted the section requires only the possibility of prejudice (CPL 210.35, subd 5). Thus on this appeal we need *488 determine only whether the presence of an unauthorized prosecutor may sufficiently create the possibility of prejudice to warrant dismissal. In view of the role played by the prosecutor in Grand Jury proceedings, as discussed above, the presence of one unauthorized must, at the very least, be deemed to create the possibility of prejudice, as a matter of law. Since a finding of actual prejudice is not required under the Criminal Procedure Law, a review of the Grand Jury minutes would be unnecessary. Our holding today is not intended to suggest that in other circumstances the mere showing of a defect in the Grand Jury proceedings is sufficient to demonstrate the possibility of prejudice. Where some other type of defect is alleged, a review of the Grand Jury minutes might be necessary in order to demonstrate the possibility of prejudice. We hold only that where an unauthorized prosecutor conducts the proceedings, prejudice to the defendant may result and the indictment should be dismissed.
Secrecy is a vital requisite of Grand Jury proceedings (CPL 190.25, subd 4) and its actions and deliberations must be "uninfluenced by the presence of those not officially and necessarily connected with it” (People v Minet, 296 NY 315, 323, supra). The unauthorized appearance of this prosecutor infringes upon the secrecy requirement, thereby, impairing the integrity of the proceeding.
When an indictment is dismissed because an unauthorized prosecutor presented the matter to the Grand Jury, the court may in the exercise of its discretion, transfer the matter, as distinguished from the indictment, to the appropriate District Attorney and authorize the People to seek leave to submit the charge or charges to a proper Grand Jury, if so advised (CPL 210.20, subd 4). It should be noted that the Appellate Division took such action in the instant case.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Order affirmed.

 An order of the Appellate Division dismissing an indictment made pursuant to subdivision 2 of section 149 of the Judiciary Law is appealable by the People to the Court of Appeals upon permission from a Judge of this court or of the Appellate Division (see People v Hattemer, 3 NY2d 939; People v Rinaldi, 34 NY2d 843).