OPINION OF THE COURT
Gabrielli, J.
The People appeal by permission of an Associate Judge of this court from an order of the Appellate Division granting defendant’s motion, purportedly made pursuant to subdivision 2 of section 149 of the Judiciary Law, seeking to prohibit the Special Prosecutor from continuing the prosecution of defendant Rosenberg for attempted grand larceny in the second degree. For the reasons discussed below, there should be a reversal and a denial of the motion.
The investigation which culminated in this prosecution began when the Special Prosecutor received information indicating that a certain woman was claiming that she could assert improper influence within the criminal justice system, and was offering that influence for sale. Investigators obtained certain evidence incriminating the woman, and subsequently convinced her to serve as an informant. She in turn implicated the law secretary of a Supreme Court Justice, and, finally, that law secretary was also persuaded to co-operate with the investigation.
The investigation resulted in the indictment of defendant Rosenberg and one other for attempted bribery, conspiracy to commit bribery, and attempted grand larceny. The first two counts of the indictment related to the People’s claim that defendant, an attorney, had attempted to corrupt a sitting Judge for the purpose of "fixing” a pending criminal proceeding against a client. The third count was based on the alternate theory that there was in fact no actual bribery attempt, but that defendant had sought to obtain some $37,500 from his client under the false pretense that the money would be used to "fix” his case. That indictment was eventually dismissed, with permission to resubmit the matter to the Grand Jury, when it was determined that there had been certain irregularities in the initial Grand Jury proceedings. The Special Prosecutor then presented the matter to another Grand Jury, which returned the indictment now challenged by defendant. That indictment charges defendant with attempted grand larceny in the second degree, based on the allegation that defendant sought to obtain the money from his client by making false promise of a "fix”.
*255 After the second indictment was handed up, defendant obtained permission from a Justice of the Appellate Division to move in that court to "prohibit” the Special Prosecutor from prosecuting the indictment, purportedly pursuant to subdivision 2 of section 149 of the Judiciary Law, on the ground that the Special Prosecutor lacked the requisite jurisdiction. Additionally, defendant requested such other relief as the court deemed appropriate. Both the Appellate Division and the People construed the application as a motion under subdivision 2 of section 149 of the Judiciary Law seeking either a writ of prohibition or dismissal of the indictment. Accepting defendant’s arguments addressed to the Special Prosecutor’s jurisdiction, the Appellate Division granted an order prohibiting the Special Prosecutor from proceeding on the indictment. Rather than dismissing the indictment, however, the court determined to leave the question of whether further action was appropriate to the local District Attorney.
Before discussing the merits of defendant’s arguments, it is necessary to dispose of a possible challenge to the jurisdiction of this court to entertain this appeal. It is now clear, if it were ever in question, that the People, upon a grant of permission, may appeal to this court from an order of the Appellate Division dismissing an indictment pursuant to a motion made in accordance with subdivision 2 of section 149 of the Judiciary Law, where such an appeal would be permissible from an order of the Appellate Division affirming a dismissal of an indictment by the Supreme Court (see People v Di Falco, 44 NY2d 482; People v Hattemer, 3 NY2d 939). It had been suggested that no appeal lies from an order granting a motion to dismiss brought in the Appellate Division rather than the Supreme Court pursuant to subdivision 2 of section 149, because of a claimed absence of statutory authority for such an appeal. That suggestion is untenable, for it would require this court to give subdivision 2 of section 149 a significance far greater than that intended by the Legislature.
Subdivision 2 of section 149 was enacted solely to remedy what was perceived as the possibility of abuse inherent in the prior law which permitted a defendant who had been indicted by a Grand Jury at an Extraordinary Trial or Special Term of Supreme Court to challenge that indictment at any regular term of the Supreme Court. The effect of the statute was to require any such motion to be made either at the Extraordinary Trial or Special Term from whence the indictment issued *256 or, if permission could be obtained from a Justice of the appropriate Appellate Division, directly in the Appellate Division. It is beyond cavil that if a defendant successfully challenges an indictment at Supreme Court, the People may appeal that dismissal as of right to the Appellate Division (CPL 450.20). If the dismissal is affirmed, the People may then seek permission to appeal that determination to this court (CPL 450.90). The defendant may not deprive the People of their opportunity to appeal to this court from the dismissal of an indictment by the simple stratagem of initially making the motion to dismiss in the Appellate Division rather than at Supreme Court.
It should be noted, however, that a defendant may not seek to appeal to this court from the denial of a motion to dismiss made in the Appellate Division pursuant to subdivision 2 of section 149 of the Judiciary Law (People v Rinaldi, 34 NY2d 846; see Matter of Nigrone v Murtagh, 36 NY2d 421, 425-426; cf. People v Rinaldi, 34 NY2d 843). This is so because a defendant could not have appealed to the Appellate Division from the denial of a motion to dismiss originally made in Supreme Court, there being no statutory authorization for such an appeal. In essence, the mere availability of an opportunity to move for dismissal directly in the Appellate Division does not alter the appealability of the resulting order.
If the present case involved a typical motion to dismiss granted by the Appellate Division pursuant to subdivision 2 of section 149, there would thus be no doubt as to its appealability. However, defendant improperly sought to utilize the device of a subdivision 2 of section 149 motion at the Appellate Division to obtain a remedy which may not be obtained through such a motion. Even more unfortunate is the fact that the Appellate Division granted the improper remedy of prohibition. Subdivision 2 of section 149 of the Judiciary Law speaks only to motions which could have been made in an existing criminal proceeding directly at the Extraordinary Trial or Special Term of Supreme Court. The extraordinary writ of prohibition, however, may not be obtained by motion made in the course of a criminal proceeding. Prohibition is a civil remedy, available only via a civil proceeding brought pursuant to CPLR article 78. Simply stated, a writ of prohibition is not a remedy available by a subdivision 2 of section 149 motion.
That defendant sought and obtained an improper remedy, *257 however, does not defeat the jurisdiction of this court. Such a conclusion would be irrational, for to adopt it would be to allow error compounded to become error invincible. To retain jurisdiction, we need only treat this so-called order of prohibition as what in fact it should have been, an order of dismissal. Since the defendant, in his moving papers, sought either prohibition or any other appropriate remedy, including, of course, dismissal, it cannot be said that the motion was improperly brought, for at least a part of the relief sought was the type available by a subdivision 2 of section 149 motion. The problem, therefore, lies in the fact that the Appellate Division exceeded its powers by purporting to grant relief which it lacked the authority to provide in the particular proceeding before it. Such an error in the form of relief given will not serve to preclude review by this court of an order which will result in termination of prosecution.
Were we to conclude that the Appellate Division were correct in determining that the Special Prosecutor lacked jurisdiction to prosecute this indictment, we would modify the order appealed from to provide for dismissal of the indictment, and remit the case to the Appellate Division for that court to determine whether to exercise its discretionary authority to transfer the matter, albeit not the indictment, to the local District Attorney (see People v Di Falco, 44 NY2d 482, 488, supra). As it is, however, a simple reversal and denial of the motion is appropriate, for the Special Prosecutor does indeed have the authority to prosecute this indictment.
The Special Prosecutor derives his authority from Executive Order No. 58 (9 NYCRR 1.58), which gives him jurisdiction to conduct prosecutions resulting from, inter alia, "any and all acts and omissions * * * by any person * * * in violation of any provision of state or local law and arising out of, relating to or in any way connected with corrupt acts or omissions by a public servant * * * arising out of, relating to or in any way connected with the enforcement of law or administration of criminal justice in the City of New York”.
The instant investigation, indictment, and prosecution, unlike the proceedings challenged in Matter of Dondi v Jones (40 NY2d 8), clearly fall within the ambit of this jurisdictional grant. Defendant contends that he may not be prosecuted by the Special Prosecutor because he is not accused of actually corrupting or attempting to corrupt a public official involved in the administration of the criminal justice system. He would *258 dismiss the involvement of the law secretary in his scheme by suggesting that the law secretary acted only as a conduit of money, as a private individual, and not in his capacity as a public official involved in the administration of the criminal justice system. Defendant argues that in Dondi we held that the crime charged must constitute an actual corruption of the criminal justice system, not merely the appearance of corruption, and that the involvement of a law enforcement official in a scheme connected to the corruption of the criminal justice system will not serve to support an assertion of jurisdiction by the Special Prosecutor to prosecute an indictment which does not charge an actual corruption of that system. So narrow an interpretation of the Special Prosecutor’s jurisdiction has never been suggested by this court, and defendant’s reliance on Dondi is totally misplaced.
In Dondi, we held that the Special Prosecutor lacked jurisdiction to prosecute an attorney who had allegedly offered a police officer a bribe to give perjured testimony at the trial of a civil action. We rejected the theory propounded by the Special Prosecutor that jurisdiction could be founded solely on the fact that the person to be bribed was a public servant involved in the law enforcement system. Rather, we required that the particular act charged as well as a person involved in that act, be sufficiently connected to the administration of criminal justice. In the instant case, there exists a sufficient nexus between the criminal justice system and the crime charged in the indictment to support jurisdiction.
The scheme which defendant is alleged to have participated in reeks of the very type of corruption which led to the appointment of the Special Prosecutor. The use of a law secretary to a Judge to collect money supposedly intended to corrupt the administration of criminal justice is certainly "an act * * * connected with corrupt acts * * * by a public servant * * * arising out of, relating to or in any way connected with the enforcement of law or administration of criminal justice” (9 NYCRR 1.58). Upon this unassailable view, for the Special Prosecutor to retain jurisdiction, it is not necessary that the crime charged must itself constitute a corruption of the public official involved in the criminal justice system. Finally we note that the prosecution of this indictment arising from a crime allegedly committed in 1973 has been scandalously delayed, in part because of the defendant’s procedural maneuvers. The prosecution should be expedited.
*259 Accordingly, the order of the Appellate Division should be reversed and the motion denied.