OPINION OF THE COURT
George J. Balbach, J.
The petitioner moves for an order quashing three Grand Jury subpoenas duces tecum.
These subpoenas, issued by the Office of the Special Prosecutor, Charles J. Hynes, on August 15, 1978, requested "all medical treatment, nurses’ notes, accident and incidental reports and admission and discharge records” of three nursing home patients. The records are wanted in connection with patient treatment in a nursing home during the month of July, 1978 which culminated in the hospitalization of 18 of these patients and the death of 3 others. Thereafter, on September 5, 1978, the Grand Jury issued an additional subpoena for the medical records of 14 other patients.
The petitioner challenges the validity of the subpoenas on two counts: (1) The nursing home cannot release health records without laying itself open to liability, either civil or criminal; and (2) that, in any event, the patients are mentally incompetent due to age and, therefore, cannot waive their rights.
In considering the first issue, petitioner contends that section 2801-d of the Public Health Law would make it civilly liable to the patients if it releases privileged information. Basically, this section of the Public Health Law grants patients in "[a]ny residential health care facility” the right to institute private actions if deprived of any "right or benefit.” A further reading of subdivision 1 of section 2801-d shows "[f|or purposes of this section a 'right or benefit’ of a patient of a residential health care facility shall mean any right or benefit created or established for the well-being of the patient by the terms of any contract, by any state statute, code, rule or regulation or by any applicable federal statute, code, rule or regulation, where noncompliance by said facility with such statute, code, rule or regulation has not been expressly authorized by the appropriate governmental authority.” The subpoenas in this case were properly issued by a duly appointed *977 Grand Jury in the County of Queens and thus would fall within this "appropriate governmental authority” exception. Therefore, this court finds no merit to the contention of possible civil liability.
Nor, would there by any question of criminal liability since petitioner has no right to invoke the physician/patient privilege. The law is settled that a defendant may not utilize the physician/patient privilege of a victim. (People v Lay, 254, App Div 372, affd 279 NY 737.) In the Lay case, the victim had been shot but was still living. The physician was permitted to testify despite the defendant’s objections. The court there held (supra, p 373) "[i]t could not have been intended by the Legislature that in such a case the act should be the means of protecting a criminal from just punishment”. A more recent case along the same lines was People v Preston (13 Misc 2d 802), in which the court once again upheld the Lay rationale.
As regards the claim of incompetency, it is clearly the law that a Grand Jury may indict only when the evidence is legally sufficient (CPL 190.65), and it is equally well established that the improper utilization of privileged medical information could nullify a Grand Jury proceeding (cf. Matter of Investigation Into Alleged Comm. of Criminal Abortions In County of Kings, 286 App Div 270, app den 309 NY 1031). Thus, the petitioner argues that the question of competency should be resolved at this hearing. Since this court has found that the nursing home may not utilize the claim of privilege, it would be premature to go into such an issue at this point.
To ascertain if the patients are aware of the nature of the proceedings and their right to medical privacy, this court personally visited the Fairview Nursing Home on September 26, 1978 and interviewed 17 patients named in the subpoenas. At that time, it was clear that all said patients were so advanced in years as to be uncertain of their legal rights or the nature of the present proceeding. This court directed that relatives, legal guardians or responsible next of kin be advised of this court’s visit. No relative, legal guardian or responsible next of kin was present at the time of such visit.
This court finds the subpoenas to be valid and since no question of privilege has been lawfully raised before this court, the petitioner is directed to comply with said subpoenas by producing the required records before the Queens Grand Jury on December 13, 1978 at 10:00 a.m.