OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, without costs. The Appellate Division treated the proceeding as one seeking a writ of prohibition and the Special Prosecutor’s cross motion as a motion to dismiss the petition and as such, granted the motion to dismiss.
The Appellate Division correctly determined that the Special Prosecutor had jurisdiction to conduct this investigation and that no relief should be available to the District Attorney at the Extraordinary Term of Supreme Court, the court by which issues of this sort must be determined (see Executive Order No. 43, 9 NYCRR 3.43). Executive Order No. 42 (9 NYCRR 3.42), from which the Special Prosecutor’s authority emanates, confers jurisdiction to investigate alleged unlawful acts "arising out of, relating to, or in any way connected with the offer, payment, acceptance or solicitation of funds or other consideration in connection with * * * the obtaining or retaining of any contract or other benefit from a public employee, public officer, public agency or the State or any of its political subdivisions”. It cannot be said that the public employee’s alleged conduct did not involve a receipt of funds or some other consideration in connection with the obtaining or retaining of a public contract. Since the executive order states that it applies to acts or omissions "occurring heretofore or hereafter”, there was no basis for the conclusion that the activities must relate to a time prior to the issuance of the order. Thus, the investigation at issue here falls squarely within the ambit of the executive order (see Mulroy v Carey, 43 NY2d 819; cf. People v Rosenberg, 45 NY2d 251).
*866 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order affirmed.