■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL STIGLI-ANESE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Beldock, J.), rendered March 25, 1981, convicting him of criminal possession of marihuana in the second degree, upon a plea of guilty, and imposing sentence. Judgment affirmed. This appeal brings up for review the denial of defendant's motion to dismiss two indictments (Nos. 8042/80 and 8043/80) upon the ground that the New York State Special Prosecutor's office had exclusive jurisdiction of these matters and, therefore, the District Attorney of Queens County was not authorized to present them to the Queens County Supreme Court Grand Jury. Executive Order No. 57 (9 NYCRR 1.57) requires that in order to invoke the exclusive jurisdiction of the Special Prosecutor's office the particular act charged, as well as the person involved in the act, must be sufficiently connected to the administration of criminal justice (*People v Rosenberg,* 45 NY2d 251; *Matter of Dondi v Jones,* 40 NY2d 8). The defendant alleges that the presentation by the Special Prosecutor to the Grand Jury — Extraordinary Special and Trial Term of the Supreme Court, County of Queens, as to Detective Robert Mogavero, so inextricably tied the defendant with the sale of narcotics by Mogavero, that the Special Prosecutor had exclusive jurisdiction. Pursuant to Executive Order No. 57 (9 NYCRR 1.57), the Special Prosecutor's office and Field Control Division of the Organized Crime Control Bureau conducted an investigation into corrupt conduct on the part of certain New York City police officers, including Detective Robert Mogavero. The defendant's criminal activities were discovered during the course of the investigation of Detective Mogavero. The same undercover officer allegedly bought drugs from both Mogavero and the defendant and all the sales occurred in the same place, the defendant's place of business. The dates of the alleged sales by the defendant were July 12, and 13, September 19, 20 and 25, October 30, and November 7, 1979, and two sales on February 21, 1980. The dates of the alleged sales by Detective Mogavero were December 4, 10 and 19, 1979. In connection with the defendant's motion for dismissal of the

indictments based upon lack of jurisdiction, Criminal Term examined the minutes of the Grand Jury which returned the indictments against the defendant and also the Grand Jury minutes of the Special Prosecutor's presentment against Detective Mogavero. The court denied the defendant's motion after finding the following: "Aside from the facts that the same undercover police officer was involved as the buyer of the controlled substances allegedly sold and that the alleged criminal acts concerning Detective Mogavero and those involving the defendant Stiglianese occurred in the same premises, the defendant herein has failed to demonstrate any nexus between him and Detective Mogavero substantial enough to constitute acts 'arising out of, relating to or in any way connected' with the acts of Detective Mogavero, within the contemplation of the Executive Order". We agree. Our review of the Grand Jury minutes which resulted in these indictments and also the minutes of the Grand Jury proceeding before the Extraordinary Special and Trial Term of the Supreme Court, County of Queens, which returned the indictment against Detective Mogavero, supports the findings of Criminal Term. There is no mention of this defendant in the presentation made by the Special Prosecutor. Nor is there any reference to Detective Mogavero in the presentation made by the District Attorney of Queens County. The presentation, therefore, made by the District Attorney was proper and not violative of Executive Order No. 57 (9 NYCRR 1.57). Mollen, P. J., Thompson, Bracken, and Brown, JJ., concur.