OPINION OF THE COURT
Edwin Kassoff, J.
Petitioner moves for an order pursuant to CPLR article 78, prohibiting and enjoining the respondent from exceeding his jurisdiction and lawful authority by prohibiting the office of the Attorney-General from prosecuting Margaret Hoyt in an action pending in Queens County Criminal Court of the City of New York under Docket No. 2Q009033. This proceeding has been commenced in the Supreme Court, Special Term, Queens County, pursuant to CPLR 506 (subd [b]). A misdemeanor information was filed and defendant was arraigned on February 28, 1982, on the charge of assault in the third degree, in violation of section 120.00 of the Penal Law. By notice of motion dated June 16,1982, defendant Hoyt moved to dismiss the information on the ground that the office of the Attorney-General lacked the authority to prosecute. The Special Assistant, Attorney-General opposed this motion. On July 28, 1982, the respondent issued an order prohibiting the petitioner from prosecuting the defendant and directing the District Attorney to undertake the prosecution.
*500 This proceeding is brought to enjoin the respondent from enforcing said order. Prohibition is available to restrain an inferior court from exceeding its powers in a proceeding over which the court has jurisdiction. (Matter of Steingut v Gold, 42 NY2d 311.) The matter at issue in the instant case is not a mere error in procedure or substantive law during the litigation before the respondent, but is an arrogation of power which encompasses and irreparably changes the course of the entire proceeding. (See La Rocca v Lane, 37 NY2d 575, 580; Matter of Dondi v Jones, 40 NY2d 8, 15; Matter of State of New York v King, 36 NY2d 59, 64.)
The respondent’s order exceeds his power because it is in the nature of a writ of prohibition against the petitioner, an officer or body of New York State. While prohibition under some circumstances has been used to prevent a public prosecutor from acting in excess of his authority (see Matter of Dondi v Jones, supra), a proceeding to obtain a writ of prohibition may only be brought in the Supreme Court, Special Term (CPLR 7804). Moreover, “[t]he extraordinary writ of prohibition * * * may not be obtained by motion made in the course of a criminal proceeding. Prohibition is a civil remedy, available only via a civil proceeding brought pursuant to CPLR article 78”. (People v Rosenberg, 45 NY2d 251, 256.)
Assuming, arguendo, that the respondent’s order was somehow considered as something other than a writ of prohibition, the ramifications of his action are of such a magnitude as to require a review by this court. If respondent’s order was permitted to stand, it would preclude a petitioner from performing his duties and responsibilities under subdivision 3 of section 63 of the Executive Law. The Deputy Attorney-General has jurisdiction to investigate and prosecute nursing home patient abuse. (See Matter of Sigety v Hynes, 38 NY2d 260; Executive Law, § 63, subd 3; letter from the Commissioner of Health, Dec. 19, 1974; Executive Order No. 4 [9 NYCRR 3.4, Feb. 7, 1975].) Through article 28 of the Public Health Law, the Legislature has clearly articulated the public’s policy with respect to the institutionalized elderly, to wit: “the right to receive courteous, fair and respectful care and treatment and * * * [e]very patient shall be free from mental and physi *501 cal abuse and from physical and chemical restraints” (see Public Health Law, § 2803-c [Patients’ Bill of Rights]).
Mr. Justice Balbach specifically addressed the issue of jurisdiction in People v Hewan (Supreme Ct, Queens County, June 9, 1978), a case involving a nursing home aide charged with assault in the third degree. Referring to the above-quoted sections of the Public Health Law, the court held “That while a crime of assault would normally fall within the province of the District Attorney, as a non-health related act, the patient-nursing home relationship in this particular case was violated by the alleged assault and such a breach of professional standards falls under the jurisdiction of the Commissioner of Health. Hence he may delegate this matter to the Attorney General for the purpose of investigation, prosecution or both.” (See, also, People v Doe, 96 Misc 2d 975.)
For the reasons set forth above, the court finds respondent’s order to be unlawful and in excess of his jurisdiction, and grants petitioner’s motion for a writ of prohibition enjoining the respondent from enforcing his order of July 28, 1982, which prohibits the petitioner from prosecuting the defendant and orders the District Attorney to undertake such a prosecution.
During the course of oral argument, the attorney for Margaret Hoyt moved for an order pursuant to CPLR 7804 (subd [g]), transferring this action to the Appellate Division. The motion was denied. The court determined that this motion came under CPLR 7803 (subd 2), as Justice Bianchi acted in excess of his jurisdiction, and therefore it is to be ruled upon by the Supreme Court.
A motion was made by the Deputy Attorney-General during the course of oral argument for an order directing that this order to show cause be transferred to Mr. Justice Balbach, who is the Justice designated to hear criminal violations brought by the Special Prosecutor. This motion was denied. While the court notes that the underlying action is a criminal action against Margaret Hoyt for violation of section 120.00 of the Penal Law, the remedy of article 78 is a civil remedy, and therefore it is properly brought before me, in view of the fact that I am the Justice *502 designated to handle all civil matters brought by the Deputy Attorney-General regarding nursing homes in this county.